Carroll,
Apr. 6, 1948. } No. 3712.

JOHN F. THISTLE *v.* FRANCES ADAMS HALSTEAD.

*Cooper, Hall & Grimes* and *John M. Brant* (*Mr. Brant* orally), for the plaintiff.

*Frederick J. Grady* and *Edward E. Crawshaw* of Massachusetts (*Mr. Crawshaw* orally), for the defendant.

DUNCAN, J. The jurisdiction of the courts of this state to determine the validity of the plaintiff's claim to the extent that the defendant's property within this jurisdiction may be subjected to its payment is not disputed by the defendant. The action is transitory (See *Emery* v. *Hovey*, 84 N. H. 499), and the motion to dismiss does not allege lack of jurisdiction. The bill of exceptions recites attachment of property of the defendant in New Hampshire, and the defendant has conceded upon oral argument that the issue is not one of jurisdiction. Jurisdiction may therefore be taken to exist for the purpose of rendering a limited judgment, *quasi in rem*. See *Freeman* v. *Alderson*, 119 U. S. 185; *Pennoyer* v. *Neff*, 95 U. S. 714. The exception presents the question of whether the order dismissing the action

was a proper exercise of discretion under the doctrine commonly designated as that of *"forum non conveniens."*

In dismissing the action, the Trial Court made no express findings or rulings, so that the ground upon which the motion was granted does not appear. If the existence of jurisdiction was not so far conceded below as to place it beyond dispute, it is nevertheless to be presumed that the order was entered in the exercise of discretion, since nothing to indicate the contrary appears. *Vallee* v. *Company*, 89 N. H. 285; *Gerry* v. *Neugebauer*, 83 N. H. 23. Consequently the exception should be overruled provided discretion was exercised "with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result." *Langnes* v. *Green*, 282 U. S. 531, 541.

The doctrine of *forum non conveniens*, justifying dismissal of an action of which the court has jurisdiction, has recently been declared applicable only in "rather rare cases." *Gulf Oil Corp.* v. *Gilbert*, 330 U. S. 501, 509. "It was designed as 'an instrument of justice' " to be employed in cases where "maintenance of a suit away from the domicile of the defendant . . . might be vexatious or oppressive" by the imposition of actual hardship. *Williams* v. *Green Bay & W. R. Co.*, 326 U. S. 549, 554. "The underlying general principle is . . . 'that where in a broad sense the ends of justice strongly indicate that a controversy may be more suitably tried elsewhere, then jurisdiction should be declined.' " *Jackson* v. *Company*, 86 N. H. 341, 343; *Universal Adjustment Corporation* v. *Midland Bank*, 281 Mass. 303, 313. "The ultimate inquiry is where trial will best serve the convenience of the parties and the ends of justice." *Koster* v. *Lumbermens Mut. Cas. Co.*, 330 U. S. 518, 527. In a recent article by Barrett: "The Doctrine of *Forum Non Conveniens*," 35 Cal. L. Rev. 380, the doctrine is defined as "a device to limit the plaintiff's choice of forums in order to prevent undue hardship to the defendant without at the same time permitting the defendant to evade or minimize his obligations." *Ib.* 420. "But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp.* v. *Gilbert*, *supra*, 508.

In the light of these considerations, we turn to examination of the evidence before the Trial Court to determine what factors were present to justify dismissal. "The question . . . is often largely one of fact." *Jackson* v. *Company*, *supra*, 343. The motion was grounded primarily upon the fact that the parties were both residents of Massachusetts. This of itself is insufficient to justify refusal to exercise

jurisdiction of a transitory action in contract. Cf. *Young* v. *Ross*, 31 N. H. 201, 208. Unless it is coupled with other circumstances which would also be held to warrant refusal of jurisdiction in actions brought by resident plaintiffs, reliance upon it might well be deemed a denial of constitutional privileges. U. S. Const. *Art.* IV, *s.* 2, *cl.* 1. Cf. *Douglas* v. *New Haven R. Co.*, 279 U. S. 377; 12 Am. Jur. 118, *s.* 464.

The only other evidence relied upon in support of the motion was the statement of defendant's counsel that she "is a very old lady suffering from a severe bronchial trouble. It is difficult for her to get around anywhere." So far as appears, any hardship resulting because of the defendant's age and physical condition will be present whether trial takes place in New Hampshire or Massachusetts. That the necessity for traveling slightly more than one hundred miles from her home would entail some inconvenience and expense to the defendant is not thought to warrant a finding of hardship amounting to oppression or vexation within the meaning of the doctrine under consideration. It is no more than is required of any resident of this state who chances to reside at a point similarly distant from the seat of a county in which he may be sued.

None of the grounds more commonly advanced as reasons for declining jurisdiction is present in this case. Factors which may prompt refusal to entertain actions of tort are seldom presented by actions *ex contractu*, and are absent here. See Annotations, 32 A. L. R. 6; 87 A. L. R. 1425. It is not suggested that trial in New Hampshire would occasion any undue expense or difficulty in procuring the attendance of witnesses. No view is desired. No peculiar questions of foreign law are envisioned.

Opposed to the defendant's evidence is the consideration that dismissal will necessarily deprive the plaintiff of his attachment of real estate here. If, as defendant's counsel asserted below, the defendant has property in Massachusetts, whether it is encumbered or what its value may be does not appear, nor is there evidence that it is attachable or subject to execution there. And ordinarily, jurisdiction of actions in contract will not be declined. 87 A. L. R., *supra*, 1426.

It may be true that consideration merely of the convenience of the parties would support the order made; that trial in Massachusetts would be more convenient. But this is not decisive. The requirement that the ends of justice will be served must also be met. "Considerations of convenience and judicial dispatch should be subordinated to considerations of substantial justice and equity." *Scho-*

*field* v. *Company*, 90 N. H. 31, 34. The fact that the plaintiff will be deprived of his real estate attachment with no assurance that equivalent security can be obtained elsewhere is a consideration overbalancing any hardship to the defendant peculiar to trial here as compared with trial in Massachusetts.

A further factor, not present when the motion was before the Trial Court, deserves mention. Presumably dismissal would leave the plaintiff with a claim unenforceable in Massachusetts; in the absence of saving circumstances, it is now barred by the statute of limitations of that jurisdiction. Mass. G. L., (*Ter. ed.*), c. 260, s. 2. It may well be that this is a result of delays not of the defendant's making. The fact remains that the plaintiff has undertaken to protect his rights by suit in this jurisdiction presumably selected because the defendant chose to keep assets here. His action was not so clearly open to dismissal that he should be penalized for expecting to be allowed to maintain it.

If the issue before us were thought doubtful, the question of the effect of the statute would be of sufficient consequence to warrant determination of any related issues of fact by the court below. See, Barrett, *supra*, 419; Dainow: The Inappropriate Forum, 29 Ill. L. Rev. 867, 883; Forum Non Conveniens, a New Federal Doctrine, 56 Yale L. J. 1234, 1248. But since we deem that under the circumstances disclosed before the Trial Court, dismissal cannot be said to meet the ends of justice in this case, a further hearing in that court would serve no useful purpose.

We conclude that maintenance of the pending litigation cannot reasonably be held so vexatious or oppressive to the defendant, or so opposed to the ends of justice, as to warrant the order relegating the plaintiff to another forum. If convenience should be thought to require a change of venue, there is authority for it. R. L., c. 384, s. 3.

The order of the Superior Court is set aside, and the action may stand for trial.

*Exception sustained; case remanded.*

All concurred.