Hillsborough,
No. 4695.

ABRAHAM VAN DAM *v*. CAREL J. SMIT.

Argued January 6, 1959.
Decided January 30, 1959.

*Booth, Wadleigh, Langdell, Starr & Peters* and *Stanton E. Tefft* (*Mr. Tefft* orally), for the plaintiff.

*Jerome L. Silverstein* and *J. Richard William* (of New York) (specially) (*Mr. Silverstein* orally), for the defendant.

KENISON, C. J.   It is not disputed that New Hampshire had

jurisdiction of this action in contract (*Parsons &c. Lumber Co. v. Southwick*, 101 N. H. 258) and "ordinarily, jurisdiction of actions in contract will not be declined." *Thistle v. Halstead*, 95 N. H. 87, 90. The defendant, however, maintains that the suits should be dismissed under the doctrine of *forum non conveniens*. The underlying principle of this doctrine is that a court, even though it has jurisdiction, will not exercise it if it is a serious inappropriate forum for the trial of the action so long as an appropriate forum is available to the plaintiff.

In the typical case the doctrine is employed where "the maintenance of a suit away from the domicile of the defendant . . . might be vexatious or oppressive." *Thistle v. Halstead, supra*, 89. In the present case the suit is brought at the defendant's domicile which presents a weak case for declining jurisdiction *Cf. Gore v. United States Steel Corp.*, 15 N. J. 301.

The factors to be considered in the present situation have been well stated in Restatement of the Law Second, Conflict o. Laws, s. 117 e, *comment* c (tentative draft no. 4, 1957). *"Factors to be considered.* The two most important factors look to the court's retention of the case. They are (1) that since it is for the plaintiff to choose the place of suit, his choice of a forum should not be disturbed except for weighty reasons, and (2) that the action will not be dismissed in any event unless an alternative forum is available to the plaintiff. Because of the second factor, the suit will be entertained, no matter how inappropriate the forum may be, if defendant cannot be subjected to jurisdiction in other states. The same will be true if plaintiff's cause of action would elsewhere be barred by the statute of limitations, unless the court is willing to accept defendant's stipulation that he will not raise this defense in the second state."

In the record of this case there was evidence that the defendant had sufficient assets in Holland and West Germany to satisfy the plaintiff's alleged claims but there was no evidence that there was any available forum for the effective maintenance of these suits in those jurisdictions. Consequently there was not a choice of forums which the doctrine of *forum non conveniens* presupposes. *Gulf Oil Corp. v. Gilbert*, 330 U. S. 501. It was pointed out in *Jackson v. Company*, 86 N. H. 341, 343 "that where in a broad sense the ends of justice strongly indicate that the controversy may be more suitably tried elsewhere, then jurisdiction should be declined." On the record in the present case there was no "else-

where" for this plaintiff — it was either New Hampshire or nowhere.

It is true that the application of the doctrine of *forum non conveniens* depends largely upon the particular facts and upon the discretion of the Trial Court. *Driscoll* v. *Railway*, 71 N. H. 619. Restatement of the Law Second, Conflict of Laws, s. 117 e, *comment* b (tentative draft no. 4, 1957). Where, as in this case, the record discloses only a forum in New Hampshire, the Court was correct in denying the application of the doctrine of *forum non conveniens* as a matter of law. *Jackson* v. *Company*, *supra*, 343.

The Court committed no error in failing to make express findings of fact since the defendant did not request them before submission of the case. *Sisters of Mercy* v. *Hooksett*, 93 N. H. 301; *New Hampshire Savings Bank* v. *Bank*, 93 N. H. 326; RSA 491:15.

*Defendant's exceptions overruled.*

All concurred.