Strafford
No. 7303

Dolores L. Leeper

v.

Durward D. Leeper, Jr., & a.

Strafford Savings Bank

v.

Durward D. Leeper, Jr., & a.

February 27, 1976

*Burns, Bryant, Hinchey, Cox & Shea, Michael F. Farrell,* and *Stephen M. Presnell (Mr. Presnell* orally) for the plaintiff Dolores L. Leeper.

*Charles F. Hartnett* and *Anthony S. Hartnett (Mr. Anthony S. Hartnett* orally) for the defendant Durward D. Leeper, Jr.

GRIFFITH, J. These actions were consolidated below for transfer to this court. The first is an action filed by Dolores L. Leeper against Durward Leeper, Jr., who obtained a divorce from the plaintiff in Argentina alleging that on October 12, 1971, Durward misappropriated to his own use without an accounting certain jointly owned bank accounts, bonds, stocks and savings certificates held in the Strafford National and Savings Bank valued in the aggregate at approximately $47,000. The second is a bill of interpleader brought by the Strafford Savings Bank with respect to one of the above savings certificates held in the name of Dolores L. Leeper and Dahlonega Leeper, daughter of the parties.

On a prior appeal to this court, it was held that the New Hampshire courts had jurisdiction over the defendant in these actions under RSA 510:4 1 (Supp. 1975). *Leeper v. Leeper,* 114 N.H. 294, 319 A.2d 626 (1974). The defendant has now filed motions in both actions requesting that jurisdiction be declined under the doctrine of *forum non conveniens* in favor of a tribunal in Argentina, where the defendant resides. The Trial Court *(Cann,* J.) ruled that the facts presented did not warrant application of the doctrine. The defendant's exceptions thereto were reserved and transferred.

The principle underlying *forum non conveniens* is that a court, even though it has jurisdiction, will not exercise it if it is a seriously inappropriate forum for the trial of the action so long as an appropriate forum is available to the plaintiff. *Van Dam v. Smit,* 101 N.H.

508, 509, 148 A.2d 289, 291 (1959). While recognizing that application of the doctrine is a matter of discretion for the trial court, the defendant maintains that the denial of his motions herein constitutes an abuse of discretion, being without support in the record.

The plaintiffs herein are a New Hampshire bank and a United States citizen, presently domiciled in this country. While the plaintiff's choice of forum is disturbed by reason of *forum non conveniens* only rarely *(Gulf Oil v. Gilbert,* 330 U.S. 501, 508 (1947)), and never except for weighty reasons *(Van Dam v. Smit, supra* at 509, 148 A.2d at 291; Restatement (Second) of Conflict of Laws § 84, Comment *c* (1971)), there is even less inclination by courts to relegate an American citizen to a foreign forum. The Fifth Circuit said in *Burt v. Isthmus Development Company,* 218 F.2d 353, 357 (5th Cir. 1955), that "courts should require positive evidence of unusually extreme circumstances, and should be thoroughly convinced that material injustice is manifest before exercising any such discretion to deny a citizen access to the courts of this country." The Second Circuit approved the *Burt* formulation in *Vanity Fair Mills v. T. Eaton Co.,* 234 F.2d 633, 645-46 (2d Cir. 1956) and *Leasco Data Processing Equipment Corp. v. Maxwell,* 468 F.2d 1326, 1344 (2d Cir. 1972). See to the same effect *Swift & Co. v. Compania Caribe,* 339 U.S. 684, 697 (1950); *Mobil Tankers Co., S.A. v. Mene Grande Oil Co.,* 363 F.2d 611, 614 (3d Cir. 1966); Annot., 90 A.L.R.2d 1109, 1116-21 (1963). The defendant relies on *J.F. Pritchard & Co. v. Dow Chemical of Canada, Ltd.,* 331 F. Supp. 1215 (W.D. Mo. 1971), but this case is distinguishable. The plaintiff in *Pritchard* was an American corporation suing as assignee of its wholly owned Canadian subsidiary. Thus it was not a case of an American citizen suing in his own right. See *J.F. Pritchard & Co. v. Dow Chemical of Canada, Ltd.,* 462 F.2d 998, 1002 (1972).

In *Gulf Oil v. Gilbert,* 330 U.S. 501, 508 (1947), the Supreme Court enumerated the considerations brought to bear in the application of *forum non conveniens.* Courts are directed to look to the private interest of the litigant, relative ease of access to sources of proof, availability of compulsory process, the cost of obtaining attendance of willing witnesses, the possibility of view of premises if appropriate, the question of enforceability of the foreign judgment, and other concerns relating to the public interest. See *The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 6-8 (1971).

In applying the above factors, the trial court found that the transactions and events which are the subject matter of this litiga-

tion took place in New Hampshire and involve assets held in New Hampshire banks; that correspondence and records of the Strafford Savings Bank have been sought by way of discovery; and that necessary New Hampshire witnesses would be readily available for trial here. The countervailing considerations raised by the defendant — that Argentinian witnesses and sources of proof will be required in addition to those from New Hampshire; that New Hampshire is an inconvenient forum for the defendant; and that Argentine law may apply — do not even amount to the "weighty reasons" required under the lesser standard utilized when the choice is between two domestic forums. Whether the actions are tried here or in Argentina, foreign witnesses and sources of proof will be required. Assuming without deciding that Argentine law may be applicable, "[i]t is settled that the mere fact that the court is called upon to determine and apply foreign law does not present a legal problem of the sort which would justify the dismissal of a case otherwise properly before the court." *Hoffman v. Goberman,* 420 F.2d 423, 427 (3d Cir. 1970); *Thistle v. Halstead,* 95 N.H. 87, 58 A.2d 503 (1948).

*Exceptions overruled.*

All concurred.