Rockingham
No. 82-308

ATHERTON'S FURNITURE

v.

RAYMOND L. HALPERIN,
TAX ASSESSOR, MAINE BUREAU OF TAXATION & a.

December 8, 1982

■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■

*John R. Maher* and *John J. Coffey*, of Portsmouth (*Mr. Maher* on the brief, and *Mr. Coffey* orally), for the plaintiff.

*James E. Tierney*, attorney general for the State of Maine (*Clifford B. Olson*, assistant attorney general for the State of Maine, on the brief and orally), for the defendants.

### MEMORANDUM OPINION

The State of Maine seeks to impose upon the plaintiff, a business located in Portsmouth, New Hampshire, a use tax for tangible personal property which the plaintiff sold to residents of the State of Maine. The plaintiff filed a petition for declaratory judgment in the Rockingham County Superior Court asserting that the Maine tax law violated the commerce clause of the United States Constitution. U.S. CONST. art. I, § 8. The State of Maine filed a motion to dismiss based, in part, upon *forum non conveniens.* The Master (*Charles T. Gallagher*, Esq.) recommended and the Superior Court (*Contas*, J.) approved the dismissal of the petition.

██ We conclude that the factors set forth in *Leeper v. Leeper*, 116 N.H. 116, 354 A.2d 137 (1976), were properly considered and balanced by the master. These factors are: the private interests of the litigants, the relative ease of access to sources of proof, the availability of compulsory process, the cost of obtaining the attendance of willing witnesses, the enforceability of a New Hampshire judgment, and other concerns relating to the public interest. *Id.* at 118, 354 A.2d at 139 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). We see no reason to doubt the ability of our sister State's judiciary to decide properly a question of federal constitutional law.

*Affirmed.*