Hillsborough
No. 87-339

### DIGITAL EQUIPMENT CORPORATION

v.

### INTERNATIONAL DIGITAL SYSTEMS CORPORATION

March 10, 1988

*Devine, Millimet, Stahl & Branch P.A.*, of Manchester, and *Ropes & Gray*, of Boston, Massachusetts (*Martha V. Gordon* and *Robert J. Stillman* on the brief, and *Mr. Stillman* orally), for the plaintiff.

*Hinckley, Allen, Snyder & Comen*, of Boston, Massachusetts (*Jeremy Ritzenberg & a.* on the brief, and *Elissa Tonkin* orally), for the defendant.

JOHNSON, J.   The plaintiff, Digital Equipment Corporation (Digital), a Massachusetts corporation with its principal office in Maynard, Massachusetts, filed suit in New Hampshire to recover $767,670.33 owing on goods it had sold and delivered to the defendant, International Digital Systems Corporation (IDSC), a New Hampshire corporation with its principal office in Manchester. Digital also sought a pre-trial attachment of IDSC's property. IDSC moved to dismiss the action based on the doctrine of *forum non conveniens*. The Trial Court (*Goode*, J.) granted the motion, and Digital appealed. We reverse and remand.

The underlying facts are as follows. On September 8, 1985, the parties entered into an agreement in which Digital agreed to sell and IDSC agreed to buy computers, computer peripherals, and related products. The contract terms required that Digital deliver the goods and that IDSC pay for them within thirty days after delivery. Digital made timely delivery, but IDSC failed to make payments within thirty days, despite Digital's repeated demands.

On April 6, 1987, Digital filed suit against IDSC in the Hillsborough County Superior Court to recover the value of the goods plus interest pursuant to RSA 382–A:2–709. Digital also sought to attach not only the goods sold but other IDSC assets pursuant to RSA chapter 511-A alleging that "[c]ounsel for IDSC has represented that none or very little of the equipment [sold] is still in the possession, custody or control of IDSC." IDSC has all of its offices in New Hampshire, and all of its employees work out of these offices. Records of the transaction giving rise to the alleged debt are also maintained in IDSC's offices here in New Hampshire.

On March 4, 1987, approximately one month before Digital brought suit in New Hampshire, IDSC had commenced an antitrust action against Digital in the United States District Court for the District of Massachusetts. After bringing its New Hampshire suit, Digital filed a compulsory counter-claim in the federal action to recover the same payments sought here. In light of this, the trial court granted IDSC's motion to dismiss, ruling that "justice requires that the subject matter of this litigation may be more

suitably tried and disposed of in the United States Federal District Court of Massachusetts where the substantially equivalent action is presently pending and being vigorously pursued."

■■ A motion to dismiss on the ground of *forum non conveniens* is generally one to be decided in the discretion of the trial court. *Van Dam v. Smit*, 101 N.H. 508, 510, 148 A.2d 289, 291 (1959). However, as IDSC conceded in its motion to dismiss, such a motion is not ordinarily granted where the forum selected by the plaintiff is the defendant's home State. A suit against a New Hampshire defendant "presents a weak case for declining jurisdiction." *Id.* at 509, 148 A.2d at 291.

■ We have held that "the plaintiff's choice of forum is disturbed by reason of *forum non conveniens* only rarely" and "never except for weighty reasons." *Leeper v. Leeper*, 116 N.H. 116, 118, 354 A.2d 137, 138 (1976). *See* RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 84 comment c (1971). In *Leeper* we cited with approval *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947), which set out the considerations for application of the doctrine of *forum non conveniens*. Those considerations are: "the private interest of the litigant, relative ease of access to sources of proof, availability of compulsory process, the cost of obtaining attendance of willing witnesses, the possibility of view of premises if appropriate, the question of enforceability of the foreign judgment, and other concerns relating to the public interest." *Leeper, supra* at 118, 354 A.2d at 139. We have further held that factors supporting dismissal of an action for *forum non conveniens* are seldom present in a contract case. *Thistle v. Halstead*, 95 N.H. 87, 90, 58 A.2d 503, 506 (1948).

The trial court's decision appears to rest on the fact that IDSC made a preemptive strike in this conflict and brought suit in Massachusetts one month before Digital brought its action in New Hampshire. That one of the parties beat the other to a courthouse door in another jurisdiction has not been a conclusive reason for dismissal under our law. *Cf. Brauch v. Shaw*, 121 N.H. 562, 573, 432 A.2d 1, 7 (1981). Instead, we look to the *Leeper* test and consider whether there is a "weighty reason" why a New Hampshire corporation should not defend an action in its own State.

■ Here, we find no such weighty reason. The existence of a pending federal court action, in and of itself, is not a ground to dismiss a subsequent State action. *Crowson v. Sealaska Corp.*, 705 P.2d 905, 908–09 (Alaska 1985). Furthermore, the persons and

records needed to try this case are as likely to be present in New Hampshire as in Massachusetts. More importantly, Digital seeks an attachment pursuant to RSA chapter 511-A. Only a New Hampshire court has jurisdiction to attach IDSC's goods and assets located in this State, and IDSC apparently has no assets elsewhere. In light of this, we have held in a similar case that "[t]he fact that the plaintiff will be deprived of his real estate attachment with no assurance that equivalent security can be obtained elsewhere is a consideration overbalancing any hardship to the defendant peculiar to trial here as compared with trial in Massachusetts." *Thistle v. Halstead, supra* at 91, 58 A.2d at 507.

We therefore conclude that the trial court abused its discretion in dismissing Digital's action under the doctrine of *forum non conveniens*.

*Reversed and remanded.*

THAYER, J., did not sit; the others concurred.