### FRANK SABINO *v.* VIRGINIA RUFFOLO
### (7376)

DUPONT, C. J., DALY and STOUGHTON, Js.

Argued May 9—decision released August 22, 1989

*Richard A. O'Connor,* with whom, on the brief, was *Michael S. McKenna,* for the appellant (plaintiff).

*Richard D. Arconti,* for the appellee (defendant).

DUPONT, C. J. The plaintiff appeals from the trial court's dismissal of his action against a member of a general partnership from which he purchased a cooperative apartment unit in New York City. In his complaint, the plaintiff alleged that the partnership had fraudulently represented to him at the time of the sale that the apartment was unencumbered when, in fact, the partnership had previously pledged the stock controlling the unit to a lending institution. The plaintiff obtained a prejudgment attachment on the defendant's Connecticut residence in the amount of $110,000. The attachment was subsequently replaced by an escrow account. The defendant simultaneously filed a motion to dismiss and a motion to strike the complaint.[1] The motion to dismiss was premised upon forum non conveniens and failure to join indispensable parties. The

---

[1] The trial court, in a judgment dated August 17, 1988, denied the motion to strike. The plaintiff, therefore, had no need to appeal from that judgment. On December 19, 1988, this court ordered the trial court to articulate its reasons for granting the defendant's motion to dismiss. The court complied with the order, but, after having discussed the reason for its judgment of dismissal, went on to discuss the defendant's motion to strike. In that discussion, the court stated, contrary to its prior judgment, that the motion to strike was denied in part, and granted, in part. The court's discussion of the motion to strike in its articulation is without effect and is superfluous because, having granted the motion to dismiss, there was no need for the discussion, and because the appeal and the articulation issued in connection with the appeal concerned only the motion to dismiss, the motion to strike having been denied prior to the appeal.

trial court granted the motion to dismiss on the ground of forum non conveniens rather than on the alleged failure to join indispensable parties.[2]

The first issue raised is whether the filing of the motion to dismiss simultaneously with the motion to strike constituted a waiver of the right to file the motion to dismiss. Practice Book § 112 sets forth the order in which pleadings are to be filed. It states that a motion to dismiss is to be filed before a motion to strike. Practice Book § 113 states that "[i]n all cases, *when the court does not otherwise order,* the filing of any pleading provided for by the preceding section will waive the right to file any pleading which might have been filed in due order and which precedes it in the order of pleading provided in that section." (Emphasis added.) Thus, generally, pleadings are not to be filed out of the order specified in § 112, and the filing of a pleading listed later in the order set out by § 112 waives the right to be heard on a pleading that appears earlier on the list.

The very words of § 113, "when the court does not otherwise order" indicate, however, that the court has discretion to allow the filing of pleadings out of order. Section 6 of the Practice Book supports this view by allowing for the liberal interpretation of the rules where "strict adherence to them will work surprise or injustice" because the very design of the rules is "to facilitate business and advance justice."

In *Burton* v. *Planning Commission,* 209 Conn. 609, 615, 553 A.2d 161 (1989), a distinction was drawn between Practice Book §§ 143 and 155, the language of which specifically provides sanctions for failure to file documents in a timely manner, and § 380, which

---

[2] The trial court held that the claim that the plaintiff had failed to join indispensable parties was not an appropriate basis for a motion to dismiss and, accordingly, based its granting of the defendant's motion to dismiss solely on the ground of forum non conveniens.

does not contain an automatic sanction. The court held that a rule with a built-in sanction was mandatory, while one without such a sanction could be waived at the court's discretion. The presence of the language "when the court does not otherwise order" in § 113 demonstrates that no such automatic sanction was intended with respect to the order of pleadings. Therefore, the trial court had discretion to overlook the simultaneous filing of the motion to dismiss and the motion to strike and to consider the motion to dismiss.

The plaintiff next claims that the trial court abused its discretion by granting the defendant's motion to dismiss on the ground of forum non conveniens. We agree.

The standard of review usually applied for a forum non conveniens dismissal is abuse of discretion. *Piper Aircraft* v. *Reyno,* 454 U.S. 235, 257, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981), reh. denied, 455 U.S. 928, 102 S. Ct. 1296, 71 L. Ed. 2d 474 (1982); *Gulf Oil* v. *Gilbert,* 330 U.S. 501, 511–12, 67 S. Ct. 839, 91 L. Ed. 1055 (1947); *Manu International, S.A.* v. *Avon Products, Inc.,* 641 F.2d 62, 64 (2d Cir. 1981); *Union Carbide Corporation* v. *Aetna Casualty & Surety Co.,* 212 Conn. 311, 319, 562 A.2d 15 (1989); *Brown* v. *Brown,* 195 Conn. 98, 486 A.2d 1116 (1985); *Szmyd* v. *Szmyd,* 641 P.2d 14, 18 (Alaska 1982); *Loper* v. *Superior Court,* 126 Ariz. 14, 17, 612 P.2d 65 (1980); *Plas* v. *Superior Court,* 155 Cal. App. 3d 1008, 1018, 202 Cal. Rptr. 490 (1984).

As a rule, when a court finds it has jurisdiction over a cause of action, it has both the right and the duty to exercise that power. Conn. Const., art. I, § 10; *England* v. *Board of Medical Examiners,* 375 U.S. 411, 84 S. Ct. 461, 11 L. Ed. 2d 440 (1964). The common law doctrine of forum non conveniens is an exception to the general rule that a court must hear and decide cases over which it has jurisdiction by statute or con-

stitution, and recognizes the discretion of a court, in some few instances, where jurisdiction and venue are proper; *Gulf Oil* v. *Gilbert,* supra; to dismiss a suit because the court has determined that another forum is better suited to decide the issues involved. *Miller* v. *United Technologies,* 40 Conn. Sup. 457, 459, 515 A.2d 386 (1986); *Digital Equipment* v. *International Digital Systems,* 130 N.H. 362, 540 A.2d 1230 (1988).

Courts invoke the doctrine of forum non conveniens with caution, and only in exceptional circumstances that demonstrate both inconvenience and hardship. *Bechtel Corporation* v. *Industrial Indemnity Co.,* 86 Cal App. 3d 45, 150 Cal. Rptr. 29 (1978); *Casey* v. *Truss,* 720 P.2d 985 (Colo. App. 1986); *Leeper* v. *Leeper,* 116 N.H. 116, 118, 354 A.2d 137 (1976).

Although the federal courts have long recognized the principle of forum non conveniens; *Piper Aircraft* v. *Reyno,* supra; *Gulf Oil* v. *Gilbert,* supra; the degree to which the states apply it varies. See *Texas City Refining Inc.* v. *Grand Bahama Petroleum Co.,* 347 A.2d 657 (Del. 1975); *Digital Equipment* v. *International Digital Systems,* supra; *Semanishin* v. *Metropolitan Life Ins. Co.,* 46 N.J. 531, 218 A.2d 401 (1966).

In Connecticut, case law is scant on the doctrine of forum non conveniens. The Supreme Court in *Brown* v. *Brown,* supra, noted, in passing, the existence of the doctrine of forum non conveniens at common law. Id., 108. Although dismissal was granted in *Brown,* that case is distinguishable from the one before us. *Brown* did not involve the common law doctrine of forum non conveniens, but instead addressed dismissal under the statutory inconvenient forum provision of the Uniform Child Custody Jurisdiction Act. General Statutes § 46b-97 (a), (b); *Brown* v. *Brown,* supra; see also *Kioukis* v. *Kioukis,* 185 Conn. 249, 440 A.2d 894 (1981).

In *Miller* v. *United Technologies Corporation,* supra, the cause of action arose out of an airplane crash in

Egypt. Those injured in the crash were Egyptian citizens, and the only nexus with Connecticut was the design and manufacture of some of the parts of the airplane. After extensive analysis, the motion to dismiss was, nevertheless, denied.

The case of *Union Carbide Corporation* v. *Aetna Casualty & Surety Co.*, supra, recognizes the existence of the common law doctrine of forum non conveniens and upholds the dismissal by the trial court of an action on the basis of the doctrine. The case, however, concerns jurisdiction by Connecticut's long arm statute, multiple parties, complex litigation, and a plaintiff amenable to having the action proceed elsewhere.

The United States Supreme Court has laid out a forum non conveniens analysis in a series of decisions; *Piper Aircraft* v. *Reyno,* supra; *Gulf Oil Corporation* v. *Gilbert,* supra; *In re Union Carbide Corporation Plant Disaster at Bhopal, India,* 634 F. Sup. 842, 846, modified, 809 F.2d 195 (S.D.N.Y. 1986) (*Bhopal*); and a few states have adopted that analysis. *Texas City Refining* v. *Grand Bahama Petroleum Co.,* supra; *Digital Equipment* v. *International Digital Systems,* supra. Although the federal analysis is a useful guide, for analyzing state cases; *Union Carbide Corporation* v. *Aetna Casualty & Surety Co.,* supra; the operation of the forum non conveniens doctrine, when invoked by a federal court, differs in several important respects from its operation when invoked by a state court.

Under the United States constitution, the federal courts are courts of limited jurisdiction. U.S. Const., art. III, § 2. Thus, a party is entitled to bring an action in federal court only in a limited number of circumstances and only upon an affirmative showing that the case is within the competence of the federal courts, as defined in the constitution.

State courts, on the other hand, have jurisdiction over all types of cases except those few that congress or the

constitution have specifically removed from their jurisdiction. See U.S. Const., art. III, § 2. Therefore, states bear the ultimate responsibility for providing their citizens with a forum in which to resolve their differences. *Ferreira* v. *Ferreira,* 9 Cal. 3d 824, 512 P.2d 304, 109 Cal. Rptr. 80 (1973); *Bechtel Corporation* v. *Industrial Indemnity Co.,* supra; *Kelce* v. *Touche Ross & Co.,* 191 Colo. 202, 557 P.2d 374 (1976). When a litigant properly presents his concerns before a state court, that court should not lightly sweep those concerns under the putative judicial carpet of another state. Connecticut's constitution specifically assures the citizens under its protection that the state's courts will be open for the resolution of their disputes. Conn. Const., art. I, § 10. Thus, Connecticut's courts should be even more reluctant than federal courts to dismiss claims that are properly before them.

When a federal court decides not to hear a case because it has determined that some other forum is more appropriate, the court has two choices. It can dismiss on the ground of forum non conveniens, in which case the suit can be reinstituted under identical procedures, embodied in the federal rules of civil procedure, in another federal district court; *Gulf Oil Corporation* v. *Gilbert,* supra, 504; or the original court can transfer the case under 28 U.S.C. § 1404 (a). In the former case, the plaintiff is assured of another procedurally identical forum within the federal system. *Van Dusen* v. *Barrack,* 376 U.S. 612, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964). In the latter case, not only does the federal system assure the plaintiff another forum with the same procedural law as the original court would have provided, but the court to which the case is transferred will apply the same substantive law as the original court would have used. *In re Union Carbide Corporation Plant Disaster at Bhopal, India,* supra.

In contrast, when a state court decides that another state's courts constitute a more convenient forum, the

state effectively closes its doors to the plaintiff, leaving him to take his chances in an entirely different judicial system. In some cases, he may be left with no forum at all. Furthermore, the second state may apply different conflict of laws rules, resulting in the application of a different body of substantive law. In any case, the plaintiff's remedy is inevitably delayed while he again attempts to obtain personal jurisdiction over the defendant and to institute a new action. In the interim, the statute of limitations may have run, the plaintiff may find that no adequate remedy is available to him in the new forum, or he may lose the benefit of a prejudgment remedy obtained in the first state.

The trial court found, in the case before us, that the defendant, as a member of a New York partnership, would be amenable to process in New York. There was no guarantee, however, on the basis of the facts known to the trial court, that the defendant, in fact, would be amenable. The court also found that New York would be a more convenient forum because the partnership, the contract, the property allegedly conveyed under the contract, and the plaintiff's current residence are all in New York. These factors tend to favor a New York forum, but, in both the federal and state courts, there is a well settled presumption strongly favoring a plaintiff's choice of his home forum. *Gulf Oil Corporation* v. *Gilbert,* supra, 508; *Digital Equipment* v. *International Digital Systems,* supra, 364. At the initiation of this suit, both the plaintiff and the defendant resided in Connecticut. Therefore, the plaintiff is entitled to this presumption in his favor. *Casey* v. *Truss,* supra; *Leeper* v. *Leeper,* supra.

The defendant argues that the suit can be reinstituted in New York "without inconvenience or prejudice" to the plaintiff. That assertion is belied by the facts. When the plaintiff filed suit, he obtained a prejudgment attachment on the defendant's Connecticut residence.

The attachment was subsequently replaced by an escrow account in the amount of $110,000. Dismissal of the plaintiff's action would result in the loss of that fund, and there is only speculation as to whether the defendant has sufficient assets in New York to establish a similar account or whether the New York court would establish such a fund. Therefore, dismissal not only would deny the plaintiff his choice to litigate in his home forum, as he is ordinarily entitled to do, but would strip him of any assurance that an adequate remedy would be available to him in the event that he ultimately prevailed in New York.

The common law doctrine of forum non conveniens, which originated in a unified British court system, is difficult to transplant to our federal system. The diverse laws, procedures and remedies available in the various states cause the doctrine to be unworkable or unjust in many instances. Therefore, except where extraordinary circumstances exist, the doctrine should not be applied by state courts. Such circumstances may include, in combination, or, in some instances standing alone, multiple parties, uniform child custody statutes or other uniform statutes, long arm statutes, complex litigation, or a great geographical distance between the original forum and the locus of the cause of action. See, e.g., *Union Carbide Corporation* v. *Aetna Casualty & Surety Co.,* supra. Unless such special and extraordinary circumstances exist, there is no need to undertake the analysis that the federal cases have used. See *Gulf Oil Corporation* v. *Gilbert,* supra.

In the present case, none of these special circumstances is present. Both the plaintiff and the defendant were Connecticut residents when the suit was filed. The case involves adjacent states, two parties with a relatively simple and straightforward contract dispute, and does not involve special legislation or a uniform act. Furthermore, the loss of the existing escrow

account, which would result from dismissal, could deprive the plaintiff of a remedy. See *Texas City Refining, Inc.* v. *Grand Bahama Petroleum Co.*, supra. The trial court's dismissal of the action on the ground of forum non conveniens, therefore, constituted an abuse of discretion. *Digital Equipment* v. *International Digital Systems,* supra, 365.

There is error, the judgment of dismissal is set aside and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.