[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE COUNT 7 AND PRAYERS FOR RELIEF
This is an action to recover sums claimed to be due the plaintiff, P G Pepper Construction Services, Inc., for labor and materials furnished to the defendant, The S. Carpenter Construction Company (hereinafter, "Carpenter"), under a written contract involving a public project located at Fire Station No. 3, West Hartford, Connecticut.
In count seven of the revised complaint, the plaintiff alleges that Carpenter and the defendant, National Union Fire Insurance Company (hereinafter "National Union"), entered into a written agreement in which National Union, as surety, agreed to pay all sums which might become due to the plaintiff pursuant to CT Page 3636 the contract between the plaintiff and Carpenter.
Paragraph 7 alleges that "[t]imely notice to, the performance of the contract and the nonpayment of same was given to National Union on or about July 5, 1991, but it has neglected and refused to pay the sum of $16,605.59 to P G Pepper."
National Union moves to strike the seventh count and paragraphs two, three and four of the prayer for relief on the basis that the plaintiff failed to adequately allege notice as required by General Statutes 49-42.
General Statutes 49-42 (a) provides in pertinent part:
 Every person who has furnished labor or material in the prosecution of the work provided for in such contract in respect of which a payment bond is furnished under the provisions of section 49-41 and who has not been paid in full therefore . . . may enforce his right to payment under the bond by serving a notice of claim within one hundred eighty days after the date on which he performed the last of the labor or furnished the last of the material for which the claim is made, on the surety that issued the bond and a copy of the notice on the contractor named as principal in the bond . . . .
Practice Book 185 provides that "[w]henever in an action of tort or upon a statute the plaintiff is compelled to allege the giving of a notice required by statute, he shall either recite the same in his complaint or annex a copy thereto."
Practice Book 6 provides that "[t]he design of these rules being to facilitate business and advance justice, they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice." Sabino v. Ruffolo, 19 Conn. App. 402, 404,562 A.2d 1134 (1989). In ruling on a motion to strike, the court must view the facts alleged in the light most favorable to the pleader. Amodio v. Cunningham, 192 Conn. 80, 82 (1980). We conclude that an allegation in the complaint that timely notice was given, is sufficient to withstand this motion to strike Count 7.
Defendant also moves to strike the second, third and fourth paragraphs of the prayer for relief seeking interest, costs and attorneys fees pursuant to 49-42, C.G.S., based on two separate grounds. The first ground based on lack of proper notice is obviously insufficient in view of our conclusion as to the adequacy of notice under the statute. CT Page 3637
The second ground advanced by defendant is that 49-42, C.G.S. applies only to general contracts exceeding $25,000.00 or to sub-bids exceeding $50,000.00, and that because the complaint alleges only that the contract amount between the plaintiff and Carpenter is $11,000.00, the prayer for relief should be stricken.
General Statutes 49-42 applies to payment bonds furnished under the provisions of 49-41. Section 49-41 (a) provides that:
 Before any contract exceeding twenty-five thousand dollars in amount for the construction, alteration or repair of any public building or public work of the state or of any subdivision thereof is awarded to any person, except a design professional, as defined in section 4b-55, that person shall furnish to the state or the subdivision a bond in the amount of the contract which shall be binding upon the award of the contract to that person, with a surety or sureties satisfactory to the officer awarding the contract, for the protection of persons supplying labor or materials in the prosecution of the work provided for in the contract for the use of each such person, provided no such bond shall be required to be furnished in relation to any general bid in which the total estimated cost of labor and materials under the contract with respect to which such general bid is submitted is less than twenty-five thousand dollars or in relation to any sub-bid in which the total estimated cost of labor and materials under the contract with respect to which such sub-bid is submitted is less than fifty thousand dollars.
Attached to the complaint is a "Labor Material Payment Pond" issued by National Union in the amount of $733,000.00, in which Carpenter is listed as the principal and the Town of West Hartford is listed as the obligee. By attaching a copy of the bond to its complaint, the plaintiff has incorporated sufficient information into the complaint to indicate that the amount of the general contract between Carpenter and the Town of West Hartford is greater than the minimum amount required by 49-41
and 49-42, C.G.S.
Motion to Strike Denied.
WAGNER, J. CT Page 3638