[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS BASED ON FORUM NON CONVENIENS
CT Page 9768
The sole issue before the court is whether the plaintiff's divorce action should be dismissed based on the doctrine of forumnon conveniens. Finding that the court cannot fairly and equitably enter financial orders concerning the distribution of the parties' assets, the court concludes that the plaintiff's divorce action should be dismissed based on the doctrine of forum non conveniens.
I. FACTS
On April 21, 1990, the plaintiff, George Gager, and the defendant, Jane Kirby Gager, intermarried in New London, Connecticut. The parties have one minor child, Jacob Gerard Gager, born issue of the marriage, April 26, 1992.
On October 24, 1994, the plaintiff filed a divorce action seeking the dissolution of his marriage to the defendant, joint custody of the minor child, an equitable division of the property, and such other relief as equity may require. The defendant, meanwhile, previously commenced a divorce proceeding against the plaintiff in New York on October 4, 1994, seeking the dissolution of her marriage to the plaintiff, sole custody of their minor child, sole use and occupancy of the marital premises, equitable distribution, a distributive award, and, reasonable attorney fees.
On April 4, 1995, State Trial Referee, Spallone, J., found that pursuant to Connecticut General Statutes § 46b-93, the jurisdictional provision of the Uniform Child Custody Jurisdiction Act, New York was the home state of the minor child, and thus, Connecticut courts lacked jurisdiction to decide the custody of the parties' minor child. The State Trial Referee therefore dismissed the action only as to the custody of the minor child. Accordingly, the prayer for relief for joint custody was stricken from the plaintiff's complaint and the prayer for relief that remained sought a dissolution of the marriage, an equitable division of the property, and such other relief as equity may require.
Thereafter, this court raised, sua sponte, the question of whether the plaintiff's action should be dismissed in toto based on the doctrine of forum non conveniens.[1] The parties submitted briefs on the issue as requested by the court.
II. DISCUSSION
CT Page 9769
"As a rule, when a court finds it has jurisdiction over a cause of action, it has both the right and the duty to exercise that power. Conn. Const., art. I, § 10; England v. Board ofMedical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440
(1964)." Sabino v. Ruffolo, 19 Conn. App. 402, 406, 562 A.2d 1134
(1989). In his complaint, the plaintiff has alleged that his marriage to the defendant has broken down irretrievably and that there is no hope for reconciliation. Further, the plaintiff has alleged that he has lived in the State of Connecticut for the one year time period prior to the commencement of this action. Thus, the court clearly has jurisdiction over the plaintiff's action; General Statutes § 46b-44(c)(1): and ordinarily would not hesitate in exercising its power.
The common law doctrine of forum non conveniens, however, "is an exception to the general rule that a court must hear and decide cases over which it has jurisdiction by statute or constitution, and recognizes the discretion of the court, in some few instances, where jurisdiction and venue are proper; [Gulf Oil Corp. v.Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed 1055 (1947)]; to dismiss a suit because the court has determined that another forum is better suited to decide the issues involved. Miller v. UnitedTechnologies, 40 Conn. Sup. 457, 459, 515 A.2d 386 (1986); DigitalEquipment v. International Digital Systems, 130 N.H. 362,540 A.2d 1230 (1988)." Sabino v. Ruffolo, supra, 19 Conn. App. 406. Thus, "[a]s a common law matter, the doctrine of forum non conveniens vests discretion in the trial court to decide `where trial will best serve the convenience of the parties and the ends of justice.'" Union Carbide Corporation v. Aetna Casualty SuretyCo., 212 Conn. 311, 319, 562 A.2d 15 (1989).
Application of the doctrine of forum non conveniens is not an exact science. Id. The Connecticut Supreme Court has stated that a useful frame of reference on the doctrine's application is the analytical guidelines stated in Gulf Oil Corporation v. Gilbert, supra, and restated in Piper Aircraft Co. v. Reyno, 454 U.S. 235,257-62, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). Id.; See alsoPicketts v. International Playtex Inc., 215 Conn. 490, 497,576 A.2d 518 (1990) (indicating that the trial court, applying the doctrine, properly weighed the private and public factors in accordance with the methodology suggested by the U.S. Supreme Court in Gulf Oil Corp.); Schrader v. United Services AutomobileAssociation, 33 Conn. App. 923, 639 A.2d 534 (1994) (same). "It bears emphasis, however, that these guidelines begin with the CT Page 9770 proposition that the trial court's exercise of its discretion may I be reversed only upon a showing of clear abuse. `[W]here the court I has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference.' [Piper Aircraft Co. v.Reyno, supra, 454 U.S. 257]. It bears equal emphasis that federally crafted guidelines do not impose binding directives upon our Connecticut common law, but rather should be viewed as illuminating the variety of competing private and public considerations that a trial court must weigh in the balance as it determines whether dismissal for forum non conveniens is warranted." Union Carbide Corporation v. Aetna Casualty SuretyCo., supra, 212 Conn. 319. "Wisely, it has not been attempted to catalogue the circumstances which will justify or require either grant or denial of the remedy of dismissal for forum non conveniens." Id., 322, quoting Gulf Oil Corp. v. Gilbert, supra,330 U.S. 508. Indeed, many equitable considerations may exist that are peculiar to an individual case, and thus, it would be impractical, if not impossible, to catalogue an exhaustive list of factors to be considered that would apply to the variety of circumstances that may arise in any given case. See id.
Accordingly, the doctrine of forum non conveniens necessarily leaves much to the discretion of the court, and this court approaches this issue cautiously and thoughtfully, recognizing the inherent seriousness and constitutional implications of a court denying to exercise its jurisdiction. See Sabino v. Ruffolo, supra, 19 Conn. App. 408 ("Connecticut's constitution specifically assures the citizens under its protection that the state's courts will be open for the resolution of their disputes."). With this in mind, the court finds, based on the following analysis, that this court is an inconvenient forum to decide the issues herein. The ends of justice would be better served if a court in New York, where the defendant has already filed a divorce action and where jurisdiction rests concerning the custody of the parties' minor child, concurrently passes judgment upon the equitable distribution of the marital assets and establishes the terms, if any, of the financial orders governing these parties.
The starting point of any forum non conveniens analysis must be the consideration by the court of the private and public factors universally applicable to every case as set forth in Gulf OilCorp., supra, 330 U.S. 508-09. The private factors are: (1) the private interest of the litigant to choose a forum; (2) the relative ease of access to sources of proof; (3) the availability CT Page 9771 of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses; (4) the possibility of viewing the subject matter involved in the dispute, if appropriate to the action; and (5) all other practical problems that make trial of a case easy, expeditious, and inexpensive. GulfOil Corp., supra, 330 U.S. 508-09. The public factors to be considered are: (a) any administrative difficulties due to the congestion of cases in the court; (b) imposing jury duty on a community with no relation to the subject matter of the dispute; (c) the existence of a local interest in having local disputes settled close to home; and (d) settling a dispute in the state of the applicable substantive law. Id.
Applying these factors to the present case, however, does little to impress the court that it should dismiss the present action. Rather, consideration of these factors lends support for the argument that the court should exercise its jurisdiction. First, the plaintiff selected this forum for the determination of the issues herein, and such a choice should not be disturbed lightly. Therefore, the first private factor supports the position that the court should exercise jurisdiction. Moreover, consideration of the remaining private and public factors as set forth in Gulf Oil fails to suggest that another forum is more convenient.
The factors set forth in Gulf Oil, however, do not exhaust the equitable considerations applicable under Connecticut's common law doctrine of forum non conveniens. Union Carbide Corporation v.Aetna Casualty Surety Co., supra, 212 Conn. 319. In Connecticut, once the issue of forum non conveniens, each court is obligated to examine whether there exists any additional equitable considerations peculiar to the particular proceeding that affects the determination of whether the action should be dismissed. Indeed, a review of the present action reveals equitable considerations that demonstrate that this court is an inconvenient forum, and convinces the court that the plaintiff's action should be dismissed.
In the present case, the court dismissed the plaintiff's action for joint custody of the parties' minor child. The court determined that New York, the home state of the minor child, had jurisdiction over the custody of the minor child. Further complicating the matter, the plaintiff and defendant are at separate poles concerning the resolution of the custody of their minor child. In New York, the defendant is seeking sole custody of CT Page 9772 the parties' minor child. In Connecticut, the plaintiff was seeking, prior to dismissal, joint custody of the minor child. Since custody is contested, if the court proceeded to adjudicate the plaintiff's divorce action, it would be faced with the impractical task of entering financial orders governing the parties without a clue as to which party New York will award custody of the minor child. Entering permanent financial orders prior to a custody determination, where custody is contested, contravenes both long standing common law tradition and legislative factors the court must consider when entering financial orders.[2]
"Alimony and support have historically been treated by both the legislature and the courts of Connecticut as entirely interwoven. The rendering of a judgment in a complicated dissolution case is a carefully crafted mosaic, each element of which may be dependent on the other. . . . This principle recognizes a very practical truth: orders of periodic alimony and orders of child support, although resting on different legal bases — namely, financial maintenance of the former spouse and financial maintenance of children — in most cases must be crafted so that, conjunctively, they provide for fair and reasonable financial maintenance of the remaining family unit." (Internal citations omitted; internal quotation marks omitted.) Fahy v. Fahy,227 Conn. 505, 515, 630 A.2d 1328 (1993).
Moreover, the legislature has expressly stated that which party is awarded custody is of consequence to the financial orders of the court. Pursuant to General Statutes § 46b-82, "[i]n determining whether alimony shall be awarded, and the duration and amount of the award, the court shall hear the witnesses, if any, of each party, except as provided in subsection (a) of section 46b-51, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81, and, in the case of a parent to whom the custody ofminor children has been awarded, the desirability of such parent's securing employment." (Emphasis added.) General Statutes § 46b-82. Furthermore, "[i]n fixing the nature and value of the property, if any, to be assigned, the court, after hearing the witnesses, if any, of each party, except as provided in subsection (a) of section 46b-51, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and CT Page 9773 sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates." (Emphasis added.) General Statutes § 46b-81. While the trial court is accorded great latitude in varying the weight to be placed upon each consideration in §§ 46b-81 and 46b-82, the court is required to consider all of the delineated statutory criteria. Sunbury v. Sunbury, 210 Conn. 170, 174,553 A.2d 612 (1989).
Clearly, which party is awarded custody affects the financial awards of the court. The financial awards of the court are dependent in part upon, and necessarily interwoven with, which party is awarded custody of the minor child. Absent the power to award custody to one of the parties, the court is faced with the dilemma of issuing financial orders that fail to take into account which party is awarded custody of the minor child. Issuing financial orders prior to an award of custody is contrary to the statutory scheme; General Statutes §§ 46b-81 thru 85; and significantly impacts the ability of the court to fashion a fair and equitable distribution of the marital assets.
Therefore, in the present case, the court concludes that it is unable to equitably and fairly determine the distribution of the parties' assets until a New York court enters a custody order. Since the defendant has filed a dissolution action in New York which includes a prayer for both custody and financial orders, awaiting a custody order from New York will obviate the need for the plaintiff's action in Connecticut. New York is the more convenient forum to decide all the issues involved. Piecemeal litigation will only complicate the matter, cause unnecessary delay, and work to the detriment of the parties and more importantly, to the minor child.
III. CONCLUSION
The court concludes that Connecticut is an inconvenient forum. The court is unable to equitably and fairly grant the relief prayed for by the plaintiff's complaint. Accordingly, this court dismisses the plaintiff's action based on the doctrine of forum nonconveniens. CT Page 9774