[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 6378
On March 25, 1997, the plaintiffs, Cheryl Schwartz and Elwin G. Schwartz, filed a two count complaint against the defendant, Bitter End Yacht Club International, Inc. The plaintiffs allege in the first count that the defendant, an Illinois corporation having its principal place of business in Chicago and operating an office in Darien, Connecticut, negligently caused Cheryl Schwartz to contract ciguatera toxicity[1] when she ate contaminated fish at the Bitter End Yacht Club in the British Virgin Islands. The second count of the complaint alleges that the defendant is liable in product liability under General Statutes § 52-572m for the sale to Cheryl Schwartz of Caribbean grouper, a common cause of ciguatera toxicity, without warning of its dangers.
The plaintiffs allege the following facts in their complaint. The plaintiffs, who reside in Madison, Connecticut, were on vacation with friends in the British Virgin Islands where, on or about June 17, 1995, the plaintiffs ate dinner at the British End Yacht Club located on the North Sound of the island of Virgin Gorda. The next morning Cheryl Schwartz became ill. Elwin Schwartz, a medical doctor, first treated Cheryl Schwartz in the British Virgin Islands. Upon returning to Connecticut, Cheryl Schwartz sought treatment and diagnosis from Connecticut doctors. She also consulted doctors in Florida and Maryland.
On June 11, 1997, the defendant filed a motion to dismiss[2] the plaintiffs' complaint on the ground of forum non conveniens, accompanied by a memorandum in support of its motion. The plaintiffs filed a timely memorandum in opposition, and the defendant submitted a supplemental memorandum in support of its motion to dismiss.
"The common law principle of forum non conveniens provides that a court may resist imposition upon its jurisdiction even when it has jurisdiction." (Emphasis in original; internal quotation marks omitted.) Union Carbide Corp. v. Aetna Casualtyand Surety Co., 212 Conn. 311, 314, 562 A.2d 15 (1989). The doctrine of forum non conveniens "is an exception to the general rule that a court must hear and decide cases over which it has jurisdiction, by statute or constitution. and recognizes the discretion of a court, in some few instances, where jurisdiction and venue are proper . . . to dismiss a suit because the court has determined that another forum is better suited to decide the CT Page 6379 issues involved." (Citation omitted.) Sabino v. Ruffolo,19 Conn. App. 402, 405-06, 562 A.2d 1134 (1989). "[T]he doctrine of forum non conveniens vests discretion in the trial court to decide where trial will best serve the convenience of the parties and the ends of justice." (Internal quotation marks omitted.) UnionCarbide Corp. v. Aetna Casualty Surety Co., supra, 319. The defendant bears "the heavy burden of persuasion that the plaintiff's choice of forum was inconvenient." Picketts v.International Playtex, Inc., 215 Conn. 490, 503, 576 A.2d 518
(1990).
The central principle of the forum non conveniens doctrine is "that unless the balance is strongly in favor of the defendant,the plaintiff's choice of forum should rarefy be disturbed."
(Emphasis in original; internal quotation marks omitted.)Picketts v. International Playtex, Inc., supra, 215 Conn. 500. The court, therefore, "should place its thumb firmly on the [plaintiffs'] side of the scale, as a representation of the strong presumption in favor of the [plaintiffs'] chosen forum" prior to balancing the private and public interest factors relevant to a forum non conveniens motion. Id, 502. "[T]he overriding inquiry in a forum non conveniens motion is not whether some other forum might be a good one, or even a better one than the [plaintiffs'] chosen forum. The question to be answered is whether the [plaintiffs'] chosen forum is itself inappropriate or unfair because of the various private and public interest considerations involved." (Internal quotation marks omitted.) Id., 501.
The Connecticut Supreme Court in Union Carbide Corp. v. AetnaCasualty Surety Co., supra, 212 Conn. 319, stated that courts may use the factors for analyzing the application of forum non conveniens set out by the United States Supreme Court in GulfOil v. Gilbert, 330 U.S. 501, 67 S.Ct. 839 (1947). While "federally crafted guidelines do not impose binding directives upon . . . Connecticut common law, . . . [they] should be viewed as illuminating the variety of competing private and public considerations that trial court must weigh in the balance as it determines whether dismissal for forum non conveniens is warranted." Union Carbide Corp. v. AetnaCasualty Surety Co., supra, 319.
Among the private interests to be considered are: the relative ease of access to sources of proof, the availability of compulsory process for attendance of unwilling witnesses, the cost of obtaining attendance of willing witnesses, and the CT Page 6380 possibility of a view of the premises if a view would be appropriate. Gulf Oil v. Gilbert, supra, 330 U.S. 508. Public interest factors to be weighed include, inter alia: the administrative difficulties related to litigation in congested courts, the burden of jury duty on people of a community that has no relation to the litigation, the local interest in having localized controversies decided at home and conflict of laws considerations. Id. Courts should apply the doctrine of forum non conveniens only where "extraordinary circumstances" exist, such as cases involving complex issues or multiple parties, or where there is "a great geographical distance between the original forum and the locus of the cause of action." Sabino v. Ruffolo,
supra, 19 Conn. App. 410 In the present case, great geographical distance exists between the place of the injury, the British Virgin Islands, and the plaintiffs' chosen forum; therefore, the court should undertake the analysis of forum non conveniens set forth Union Carbide.
The court, however, "as a threshold matter, must . . . decide whether an adequate alternative forum exists." Picketts v.International Playtex, Inc., supra, 215 Conn. 504 n. 13. If an alternative forum exists, the court then proceeds to balance private and public interests factors. Id. In the present case, the defendant argues that the British Virgin Islands would serve as an adequate alternative forum, and the plaintiffs have not disputed the adequacy of the British Virgin Islands as a forum for their action. The court must weigh the private and public interests factors relevant to a determination of the application of the forum non conveniens doctrine.
With regard to the private factor involved in the present case, the defendant argues that all the witnesses and evidence related to the plaintiffs' injuries are located in the British Virgin Islands. The defendant further argues that because jurisdiction in Connecticut is doubtful over others who may be liable for all or part of the plaintiffs' claims, the defendant will be unable to implead those parties in the present action. As to the defendant's ability to implead additional parties, the defendant has failed to Provide the court with anything more than its suggestion that these parties may be impleaded, which suggestion alone is not sufficient to tip the scales in the defendant's favor. See Howard v. Colony Ford Truck Center, Inc.,
judicial district of New Haven, Docket No. 376527 (August 8, 1996, Corradino, J.) (court denied defendants' motion to dismiss on basis of forum non conveniens noting that "impleader CT Page 6381 consideration" did not warrant drastic remedy of dismissing plaintiff's action).
Furthermore, contrary to the defendant's contention, not all of the witnesses to and evidence of the plaintiff's injuries are located in the British Virgin Islands. As the plaintiffs argue, those who actually witnessed Cheryl Schwartz's consumption of the allegedly contaminated fish and her subsequent illness, as well as her treating physicians, are not located in British Virgin Islands. The defendant noted for the first time in its supplemental memorandum in support of its motion to dismiss, supported by the affidavit of legal counsel to the Bitter End Yacht Club, that the named defendant, Bitter End Yacht Club International, Inc., is not the owner or operator of a yacht club known as the Bitter End Yacht Club on the North Sound of the Island of Virgin Gorda[3]. The defendant argues, therefore, that it has no compulsory process over any of the yacht club's employees or any of the other witnesses located in the British Virgin Islands to attend trial in Connecticut.
The defendant argues that "the majority of the plaintiffs' witnesses are friends and family of the plaintiff" and "that the plaintiff should have no difficulty in requesting that these people testify in the British Virgin Islands and, if she does, she also has the benefits of modern technological devices such as airplanes and videotaped depositions to ensure all her witnesses will testify." The defendant's argument that the plaintiff should have no difficulty in having her witnesses testify n the British Virgin Islands is mere speculation. The difficulties that the defendant may experience in compelling unwilling witnesses t testify in Connecticut or the costs associated with obtaining attendance of willing witnesses would be no greater than the difficulties and costs that the plaintiffs may experience compelling or requesting their witnesses to testify in the British Virgin Islands. Furthermore, the same technological benefits that should enable the plaintiff to ensure that all her witnesses testify are available to the defendant. See Picketts v.International Playtex, Inc., supra, 215 Conn. 511 ("the advent of videotaped deposition greatly [transforms] the meaning of `compulsory process' in a forum non conveniens calculus"). In addition, the defendant has offered no evidence that the prospective defense witnesses named in its supplemental memorandum in support of its motion to strike would be unwilling
to testify in Connecticut and thus require compulsory process. CT Page 6382
The defendant also argues that public interests factors weigh in favor of the British Virgin Islands as the proper forum for this action. The defendant argues that the Connecticut court may be required to invoke the law of the British Virgin Islands. "[I]t would be improper [however] to invoke the doctrine of forum non conveniens . . . to avoid a choice of law analysis." Pickettsv. International Playtex, Inc., supra, 215 Conn. 512 Even if the facts of the present case required the application of the law of the British Virgin Islands, both parties agree that the issues are not complex and would pose no difficulty for the court to interpret. Further, "Connecticut courts are quite capable of applying foreign law. . . ." Id. The possible application of foreign law is insufficient justification to grant the motion to dismiss on the basis of forum non conveniens.
Finally, the defendant argues that this case adds to an overburdened court system and imposes the burden of jury service on potential jurors who have no interest in the conflict. The defendant does not contest the plaintiffs' residence in Connecticut or the defendant's maintenance of an office in Connecticut. The plaintiffs' complaint alleges that Cheryl Schwartz suffered economic loss in this state and continues to be affected by the ciguatera poisoning in this state. The plaintiffs also argue that all of their intended witnesses, including treating physicians and eyewitnesses to Cheryl Schwartz's illness, reside in Connecticut. See Howard v. Colony TruckCenter, Inc., supra (denying defendant's forum non conveniens argument where resident plaintiff continued to suffer injury and undergo treatment in Connecticut). Finally, neither party introduced evidence of congestion in either the New Haven court nor the British Virgin Island's courts. See Miller v. UnitedTechnologies Corporation, supra, 40 Conn. Sup. 466. The defendant fails to demonstrate an undue burden on the Connecticut courts or on the potential jurors in this matter.
The defendant has failed to demonstrate that the plaintiffs' choice of forum is both inconvenient and a hardship; Sabino v.Ruffolo, supra, 19 Conn. App. 406; such that the strong presumption in favor of the plaintiffs' choice of forum should be disturbed. Picketts v. International Playtex, Inc., supra,215 Conn. 500. Accordingly, the defendant's motion to dismiss on the ground of forum non conveniens is denied.
Howard F. Zoarski Judge Trial Referee CT Page 6383