[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON OBJECTION TO REQUEST TO REVISE THE SUBSTITUTED COMPLAINT (NO. 138)
Plaintiff, Antonio DeOliveira, is objecting to the defendant's, Ross Roberts, request to revise the substitute complaint. On September 27, 1991, defendant filed a motion to strike the first four counts of plaintiff's revised complaint. Judge Spear granted defendant's motion to strike only as to count one of the revised complaint. On December 2, 1991, plaintiff filed a substituted complaint. On December 20, 1991, defendant filed a request to revise the substituted complaint as to its second, third and fourth counts.
The plaintiff objects to the requested revision and claims that the request to revise does not solely address the first count of the original complaint, the only count that the plaintiff replead. The plaintiff further claims that the requested revision does not conform with Connecticut Practice Book 112 because the defendant already filed a request to revise and that filing a second request makes the pleadings out of order.
The defendants counter that the plaintiff's substituted complaint triggers a new beginning to the order of the pleadings, making defendant's request to revise proper.
Connecticut Practice Book 112 states a motion to strike should be filed after a request to revise. Connecticut Practice Book 113 also states, in pertinent part:
 "when the court does not otherwise order, the filing of any pleading provided for by CT Page 2734 the preceding section [112] will waive the right to file any pleading which might have been filed in due order and which provides it in the order of pleading provided in that section."
"[G]enerally, pleadings are not to be filed out of the order specified in 112, and a filing of a pleading listed later in the order set out by 112 waives the right to be heard on a pleading that appears earlier on that list." Sabino v. Ruffolo,19 Conn. App. 402, 404, 562 A.2d 1134 (1989). However, 113 indicates "that the court has discretion to allow the pleadings out of order." Sabino, supra.
In BRT Corporation v. New England Masonary Co.,5 Conn. L. Rptr. 205, 206 (October 25, 1991, Pickett, J.), the plaintiff filed a substituted complaint which became the controlling pleading and removed the prior complaint from the case. Id. The court stated that the substituted complaint "triggered a new beginning to the order of the pleadings as set forth in Practice Book 112." Id.
Based on the case law above, the court finds that the defendant may properly file a request to revise the substituted complaint. Therefore, the plaintiff's objection to the request to revise the substituted complaint is overruled.
W. JOSEPH McGRATH, JUDGE