[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 9526
The plaintiffs, The Cooper Companies, Inc. and Cooper Real Estate Group Inc., have moved to open and reargue that portion of this court's ruling of May 19, 1992, in which their claims against defendants Woodbridge Associates Limited Partnership ("WALP") and Madison Square Associates Limited Partnership ("MSALP") were dismissed. Upon review of the motions, the court finds that defendants WALP and MSALP based their motions to dismiss not on lack of in personam jurisdiction, the ground on which court granted the motion as to all defendants, but only on the alternative ground of forum non conveniens, a ground not reached by the court. Accordingly, the motion to open the dismissal is granted as to these two defendants only, and the court will take up their claim of forum non conveniens and their motion to stay this action until the resolution of a similar action between the parties that was pending in New York State before this action was commenced.
A full opportunity to present evidence was provided to all parties prior to the decision as to the motion to dismiss, and evidence was presented both as to the claim of lack of personal jurisdiction and as to the claim of forum non conveniens. The plaintiff presented no witnesses with regard to the claim of forum non conveniens. The defendants offered the testimony of a New York attorney to the effect that each and every cause of action stated in the plaintiffs' complaint against WALP and MSALP is recognized by and can be raised in the courts of New York State in pending litigation in which WALP and MSALP have sued the plaintiffs in this action seeking, inter alia, a determination that no partnership or joint venture agreement exists between and among them.
The plaintiffs herein claim that facts that have developed since the court's initial hearing should be considered in connection with the present inquiry into the ground of forum non conveniens. On September 14, 1992, the plaintiffs presented evidence to the effect that Woodbridge Associates of Delaware, L.P., is a lessee of land in the Town of Woodbridge; however, the plaintiffs did not establish that "Woodbridge Associates of Delaware, L.P." identified in the land records presented is the same entity as the defendant Woodbridge Associates Limited CT Page 9527 Partnership.
The plaintiffs presented evidence that MSALP owns real property in New Haven that is the site of the project in which the plaintiffs sought to participate.
A. Forum non conveniens
The common law principle of forum non conveniens provides that a court "may resist imposition upon its jurisdiction even when it has jurisdiction." Union Carbide Corporation v. Aetna Casualty Surety Co., 212 Conn. 311, 314 (1989), citing Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 507, 67 S.Ct. 839,91 L.Ed. 1055 (1947); Brown v. Brown, 195 Conn. 98, 108 (1985). The doctrine of forum non conveniens vests discretion in the trial court to decide where trial will best serve the convenience of the parties and the ends of justice. Union Carbide Corporation v. Aetna Casualty Surety Co., supra, at 319, citing Koster v. (American) Lumbermens Casualty Co., 330 U.S. 518, 527,67 S.Ct. 828, 91 L.Ed. 1067 (1947), and the court must weigh the competing private and public considerations in determining whether dismissal for forum non conveniens is warranted. id.
The court does not have unchecked discretion to dismiss cases from a plaintiff's chosen forum simply because it may view another forum as superior to that chosen by the plaintiff but must focus on whether the plaintiff's chosen forum is itself inappropriate or unfair because of the various private and public interests and considerations involved. Picketts v. International Playtex, Inc., 215 Conn. 490, 501 (1990).
Where, as here, a plaintiff is foreign to the chosen forum, the court should exercise a diminished deference for the plaintiff's choice of forum. Picketts v. International Playtex, Inc., supra, at 502; however, the defendant challenging the propriety of the plaintiff's choice continues to bear the burden to demonstrate why the presumption in favor of the plaintiff's choice, weakened though it may be, should be disturbed. id.
The defendants have presented the following reasons to deny the plaintiffs their chosen forum:
 1. Both the plaintiffs and defendants WALP and MSALP are non-Connecticut business entities whose offices are located in New York; CT Page 9528
 2. the case involves the alleged formation of a business relationship, and the events of the alleged formation took place almost exclusively in New York in transactions between New York business people and New York legal counsel for the parties;
 3. virtually all of the documents and witnesses needed to prove the transactions at issue are located in New York, and all would have to be transported to Connecticut for trial, at additional and unnecessary expense;
 4. there is already pending in the courts of New York State an action brought by the defendants against the plaintiffs concerning the existence or non-existence of a relationship between them as to the development project at issue, and the plaintiffs can assert all of their claims in that litigation, avoiding the burdens to all of multiple lawsuits;
 5. New York law would govern the claims of the plaintiffs as to the existence of an enforceable business relationship;
 6. there is little or no public interest to be served in Connecticut by adjudicating the relational interests of New York entities.
The plaintiffs have not identified any procedural or substantive advantage to them of trial in Connecticut rather than in New York. They argue, essentially, that their choice of forum should simply be honored, and that the asset which the plaintiffs sought to develop with the defendants is in Connecticut. The plaintiffs do not deny that New York law applies (Post Hearing Brief, page 39). While they argue that there is a "possibility" that different substantive law will apply in New York, they have identified no differences as to the claims they seek to raise.
The plaintiffs disparage the defendants' New York action as "preemptive" in nature but do not address and have not refuted the defendants' claim that a representative of the plaintiffs made a statement to the effect that in retaliation for the termination of the negotiations to include them in the shopping CT Page 9529 center development in Woodbridge, the plaintiffs would engage in a war of resources against the defendants, and that the filing of this lawsuit is part of that effort.
This court has dismissed for lack of in personam jurisdiction the plaintiffs' claims against all the other named defendants. These parties are residents of New York and would apparently be subject to the jurisdiction of the New York courts. To the extent that they are necessary parties with regard to the claims the plaintiffs seek to assert, New York is a superior forum because all of the plaintiffs' claims against the defendants can be adjudicated in a single proceeding if that proceeding is in New York.
In Union Carbide, supra, the Connecticut Supreme Court approved the use of the criteria stated in Gulf Oil Corp. v. Gilbert, supra, at 508-9, and reaffirmed in Piper Aircraft Co. v. Reyno, 454 U.S. 235 (1981), in deciding claims of forum non conveniens raised in the Superior Court: ease of access to sources of proof, availability of compulsory process for attendance of unwilling witnesses, the cost of obtaining attendance of willing witnesses, and other practical problems that make trial of a case easy, expeditious and inexpensive. The public interests to be considered are administrative difficulties, the imposition of jury duty on people of a community with little or no relation to the litigation, and the local interest in having local interests resolved where they arose. id.
With the possible exception of a single visit to Connecticut to view the site of the proposed joint project, all of the negotiations concerning the plaintiffs' participation in developing a shopping center with the defendants took place in New York. Drafts of proposed agreements were exchanged between and among New York lawyers for review by New York-based members of the limited partnership and corporations. All documentary evidence is located in New York.
Unlike the situation in Picketts, supra, on which plaintiffs rely, the defendants in this case are not Connecticut residents seeking to avoid a Connecticut forum. And unlike the situation in Sabino v. Ruffolo, 19 Conn. App. 402, 410 (1989), none of the parties was a Connecticut resident at the time suit was filed, and the plaintiff has not identified any remedy that would be lost to them if the suit were adjudicated in New York.
CT Page 9530 The plaintiffs argue that the defendants hired attorneys, surveyors, and other professionals in Connecticut as part of their preliminary work in investigating the development project; however, they do not contend that any of these Connecticut residents is a witness as to the existence of a relationship between the plaintiff and MSALP and WALP, such that the denial of a Connecticut forum might deprive the plaintiffs of necessary witnesses.
While the plaintiffs correctly point out that the distance from Manhattan to New Haven is not great, the time involved in travel can certainly be considerable, and the fact that some potential witnesses to the transactions are attorneys will add considerably to the expense of trial here. It appears that the New York witnesses far and away outnumber those Connecticut witnesses who may arguably have information to contribute concerning the relationship between the parties.
The participation or non-participation by a New York corporation with other New York entities in a development project does not, under the circumstances shown, raise an issue of local concern. Title to the property owned by MSALP will not be affected by the claims of the plaintiffs, who seek a share of the proceeds from the development of that asset, not ownership of the asset.
The business relationship — or lack thereof — between New York entities has not been demonstrated to constitute a matter of local concern; however the business between the parties may, in fact, be a matter of concern in New York, their own locale.
While the application of foreign law is not alone a reason to dismiss for forum non conveniens, see, e.g., Founding Church of Scientology v. Verlag, 175 U.S. App. D.C. 402, 409, 536 F.2d 429,436 (1976); Burt v. Isthmus Development Co., 218 F.2d 353,357 (5th Cir.), cert. denied, 349 U.S. 922 (1955), the need to "untangle problems in conflict of laws, and in law foreign to itself", Gulf Oil Corp., supra, at 509, may be part of the reason to recognize that a forum is not appropriate in terms of judicial economy.
In sum, the court finds that honoring the forum chosen by the plaintiff will inflict unwarranted burdens on the defendants and on the courts of Connecticut, while the plaintiffs have available to them an entirely adequate, considerably more convenient forum in New York, where the same claims can be CT Page 9531 pursued with substantially less expense and inconvenience. The plaintiffs have presented no convincing countervailing reasons to honor their choice of a forum to which they themselves are foreigners.
The motion to dismiss on the ground of forum non conveniens is granted.
Beverly J. Hodgson Judge of the Superior Court