[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (DOCKET ENTRY NO. 106)
On August 3, 2000, the plaintiff, Integrated Corporate Relations, filed a three-count complaint attached to a notice of an application for a prejudgment remedy against the defendant, Zoogle.com, Inc. In the complaint, the plaintiff alleges that it is a Connecticut corporation and that the defendant is a corporation with its principal place of business in New York. The plaintiff alleges that in January, 2000, it entered into an agreement with the defendant pursuant to which the plaintiff would provide services to the defendant. The plaintiff claims that the defendant failed to pay the plaintiff for the services at provided. The plaintiff asserts causes of action against the defendant for breach of contract, breach of implied contract and unjust enrichment. On August 21, 2000, the defendant filed a motion to dismiss the complaint on the ground that the court does not have personal jurisdiction over it. Plaintiff has objected thereto.
A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. Gurliacciv. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). A ruling on a motion to dismiss is neither a ruling on the merits of the action nor a test of whether the complaint states a cause of action. Rather, motions to dismiss are granted solely on jurisdictional grounds. Olson v. AccessoryControls Equipment Corp., 54 Conn. App. 506, 515, 735 A.2d 881 (1999), CT Page 15322 aff'd on other grounds, 254 Conn. 145, 757 A.2d 14 (2000). In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. Pamela B. v. Ment, 244 Conn. 296, 308,709 A.2d 1089 (1998). Where, however, the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination or the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint.Shay v. Rossi, 253 Conn. 134, 140, 749 A.2d 1147 (2000).
The defendant moves to dismiss the complaint on the ground that the court lacks personal jurisdiction over it pursuant to the Connecticut long-arm statute, under General Statutes § 52-59b. The defendant also argues that it does not meet the minimum contacts standard as set out inStandard Tallow Corp. v. Jowdy, 190 Conn. 48, 459 A.2d 803 (1983), and requests a hearing thereon. In addition, the defendant contends that if the court determines that it does have personal jurisdiction over it, the court should dismiss the action pursuant to the doctrine of forum non conveninens. The plaintiff responds that the statute which provides the court with personal jurisdiction over the defendant is General Statutes § 33-929 (f), and not § 52-59b. Without waiving this argument, the plaintiff contends that the court has personal jurisdiction over the defendant under either statute. The plaintiff also argues that the court's exercise of jurisdiction over the defendant would not violate constitutional principles of due process.
When a defendant files a motion to dismiss challenging the court's jurisdiction, a two part inquiry is required. The trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the defendant. If the statutory requirements are met, its second obligation is then to decide whether the exercise of jurisdiction over the defendant would violate constitutional principles of due process. Knipple v. Viking Communications, Ltd.,236 Conn. 602, 606, 674 A.2d 426 (1996). If a challenge to the court's personal jurisdiction is raised by a defendant, either by a foreign corporation or by a nonresident individual, the plaintiff must gear the burden of proving the court's jurisdiction. Id., 607.
The court must first determine which jurisdictional statute applies to this action. General Statutes § 52-59b provides, in relevant part:
 "As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual, or foreign partnership, or his or its executor or CT Page 15323 administrator, who in person or through an agent: (1) Transacts any business within the state. . . ."
General Statutes § 23-929 (f) provides, in relevant part:
 "Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state. . . ."
In the complaint, the plaintiff alleges that the defendant is a foreign corporation. The defendant does not contest this characterization of its status. It has been held that because "§ 32-59b cleary does not include in its terms foreign corporations, jurisdiction over the corporate defendant, if it exists at all, must be predicated upon § 33-411 (now § 33-929]." (Internal quotation marks omitted.) TravelersIns. v. Par Industries, Inc., Superior Court, judicial court of New Haven at New Haven, Docket No. 394427 (February 5, 1998, Hartmere, J.) (21 Conn.L.Rptr. 393, 396 n. 2). It, therefore, appears that § 33-929
(f) is the jurisdictional statute that applies to this action.
General Statutes § 33-929 (f) requires the court to inquire not only into the various elements of the plaintiff's cause of action, spelled out in the various subparts of subsection f, but also into the totality of contacts which the defendant may have with the forum.Thomason v. Chemical Bank, 234 Conn. 281, 291, 661 A.2d 595 (1995). In determining whether personal jurisdiction is proper pursuant to §33-929 (f)(1), the plaintiff must initially establish prime facie that a contract existed and that it was to be performed in Connecticut within the meaning of that statute. IDV North America v. Illva Saronno, S.P.A.,
Superior Court, Judicial District of Hartford at Hartford, Docket No. 58059 (September 9, 1999, Teller, J.). While the agreement must contemplate or encompass some performance in Connecticut, that performance does not, however, need to be by the defendant. The phrase "to be performed in this state" does not require performance in this state by the party over whom jurisdiction is sought. It has been held that jurisdiction is appropriate where the contract inn question contemplated and required performance by the plaintiff. Id.; see also Thornton Co.,Inc. v. Pennsak, Inc., Superior Court, judicial district of New Britain, Docket No. 490607 (November 20, 1998, Robinson, J.) (23 Conn.L.Rptr. 532, 534); Merrick v. Sandair Nevada, Inc., Superior Court, judicial CT Page 15324 district of Fairfield at Bridgeport, Docket No. 345327 (April 7, 1998,Stodolink, J.) (21 Conn.L.Rptr. 600, 601).
In this case, the contract between the parties specified that the plaintiff was to provide consulting services to the defendant, but does not specify the location or locations in which the services were to be performed. (Plaintiff's Memorandum, Exhibit B.) The defendant submitted an affidavit from its president, Marian Davis, in which the president avers that the defendant had only one contact with the plaintiff in Connecticut and that all the other contacts between the parties occurred in New York. (Defendant's Memorandum, Exhibit A, ¶ 4.) The president also avers that the defendant signed the contract for the plaintiff's services in New York, the plaintiff's representatives performed their services at the defendant's office in New York and that any work done under the contract was done in New York. (Defendant's Memorandum, Exhibit A, ¶¶ 4, 5.) For its part, the plaintiff submitted an affidavit from its principal, John Flannagan, in which he avers that the defendant and the plaintiff met and negotiated the terms or their contract in Connecticut and that he signed the contract in Connecticut. (Plaintiff's Memorandum, Exhibit A, ¶¶ 4, 5.) He also avers that all of the plaintiff's duties under the contract were performed by its employees, either in whole or in part in Connecticut. (Plaintiff's Memorandum, Exhibit A, ¶¶ 7, 8.) These affidavits and evidence appear to he in conflict and therefore offer insufficient information for this court to determine jurisdiction and do not resolve the factual issues of whether the parties contemplated or required that their contract be performed in Connecticut.
This matter, therefore, requires a hearing for that purpose. When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses. Standard Tallow Corp. v. Jowdy, 190 Ccnn. 48, 56,459 A.2d 503 (1983). Accordingly, the court shall reserve its ruling on the defendant's motion to dismiss until a hearing is held to determine the issue of jurisdiction. Therefore, until the court determines that it has personal jurisdiction over the defendant pursuant to the long arm statute, it will defer its consideration of whether its assertion of jurisdiction would violate principles of due process. See Olson v.Accessory Controls Equipment Corp., supra, 54 Conn. App. 514. The parties are advised to contact the Clerk's Office to make arrangements for a hearing date which is unilaterally convenient to all parties and the court.
The defendant also argues that the court should dismiss the case on the ground of forum non conveniens. The defendant contends that dismissal is appropriate on this ground because virtually all of the defendant's CT Page 15325 witnesses are New York residents and because the defendant's records and the work done by the plaintiff are also in New York. The plaintiff does not specifically respond to this argument.
Courts invoke the doctrine of forum non conveniens with caution, and only in exceptional circumstances that demonstrate both inconvenience and hardship. Sabino v. Ruffolo, 19 Conn. App. 402, 406, 562 A.2d 1134
(1989). As a common law matter, the doctrine of forum non conveniens
vests discretion in the trial court to decide where trial will best serve the convenience of the parties and the ends of justice. Picketts v.International Playtex, Inc., 215 Conn. 490, 500, 576 A.2d 518 (1990). Emphasis on the trial court's discretion does not, however, overshadow the central principle of the forum non conveniens doctrine that unlessthe balance is strongly in favor of the defendant, the plaintiff's choiceof forum should rarely be disturbed. Id. It bears emphasis that invocation of the doctrine of forum non conveniens is a drastic remedy which the trial court must approach with caution and restraint. Id., 500-501. The plaintiff's choice of forum should be respected unless equity weighs strongly in favor of the defendant. Id.
The moving party (defendant) bears the burden of persuasion that the chosen forum is inconvenient to potential witnesses for the defense. Id., 509. And, when a dismissal is premised on the convenience of witnesses, more than a mere allegation to that effect is required. Id. The defendant must establish, with specificity, inconvenience to witnesses that is sufficiently prejudicial to justify dismissal. Id. A party seeking to transfer a case for the convenience of witnesses must identify the key witnesses to be called and must make a general statement of what their testimony will cover. Id. The burden is upon that party to give the names and locations of potential witnesses and the substance of their testimony. Id. Sufficient information must be included in the affidavits to establish that the named witnesses are key witnesses who need to be called and that their testimony is maternal. Id. 509-510.
In this case, the defendant merely asserts that its witnesses and evidence are located New York and has not supplied the court with affidavits containing specific information identifying its witnesses, explaining why their testimony is material and why their ability to appear at trial would be inconvenient to the point of being prejudicial. The mere assertion that such evidence is irretrievable (located outside of the state) is not adequate to tip the scales in the defendants' favor on a motion to dismiss for forum non conveninens. Id. 510. Thus the defendant has failed to meet its burden of showing that the plaintiff's home forum is sufficiently prejudicial to justify dismissal. Accordingly, this court hereby DENIES the defendant's motion to dismiss on the ground of forum non conveniens.
CT Page 15326
 CONCLUSION
Defendant's motion to dismiss on jurisdictional grounds has not been acted on until further hearings can be convened; defendant's motion to dismiss on grounds of forum non conveniens is hereby DENIED for the reason hereinbefore expressed.
MELVILLE, J.