[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In a complaint bearing a return date of January 10, 1989, the plaintiff sued the defendant to enforce a guaranty of two promissory notes.
On March 22, 1989, the defendant, through counsel, filed an Answer and Special Defenses, and the case was claimed for the trial list on November 1, 1989.
On July 30, 1990, defendant's counsel filed a Motion to Strike, to which the plaintiff filed an Objection, claiming that the defendant waived his right to file a Motion to Strike when he filed his Answer and Special Defenses on March 22, 1989.
Section 112 of the Connecticut Practice Book requires a defendant's Motion to Strike to precede the Answer. Inasmuch as the answer in this case preceded the Motion to Strike, the right to file a Motion to Strike was thereby waived in accordance with Section 113 of the Connecticut Practice Book, unless the court orders otherwise, as it is permitted to do under Section 113.
Counsel for the defendant has cited the case of Sabino v. Ruffolo, 19 Conn. App. 402 at page 404, in which the Appellate Court upheld the trial court's discretionary ruling under Section 113 of the Connecticut Practice Book, to allow the filing of pleadings out of order. In that case, a Motion to Dismiss was filed simultaneously with a Motion to Strike, and the trial court held that even though the Motion to Dismiss should be filed prior CT Page 1209 to and not simultaneously with the Motion to Strike, the trial court could use its Section 113 discretion to overlook the simultaneous filing.
In this case, the Motion to Strike was filed more than sixteen months after the Answer and Special Defenses, and nine months after the case was claimed to the trial list.
Because of the lengthy delay in filing the Motion to Strike, the court finds that under Section 113 of the Connecticut Practice Book, the defendant has waived his right to file a Motion to Strike by his prior filing of an Answer and Special Defenses.
The plaintiff's objection to defendant's motion to strike is sustained.
RICHARD A. WALSH