[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Karen Ellis, alleges in a four count complaint that the defendant, New Jersey Manufacturers Insurance Company, failed to reimburse her for certain medical expenses she incurred as the result of an automobile accident on November 10, 1988.
The defendant has filed a motion (#107) to strike the second and fourth counts of plaintiff's complaint. Practice Book 152.
The second count alleges that by reason of its refusal to pay her claim, the defendant inflicted severe emotional distress upon the plaintiff. The fourth count claims a violation of the Connecticut Unfair Insurance Practices Act (CUIPA), General Statutes 38(a)-815 et seq.
A prior motion to strike, dated October 25, 1991, referred CT Page 2244 only to the fourth count and claimed that it did not set forth a cognizable cause of action under CUIPA.
Thereafter, the plaintiff amended its complaint to add in the fourth count a new paragraph eleven which alleged that the defendant "has engaged in practices such as those alleged above as a part of its general business practice of handling the claims of the plaintiff and of those similarly situated to her." The defendant's second motion to strike not only again challenges count four, but also seeks to strike count two as well.
The plaintiff argues that the defendant cannot move to strike count two of the revised complaint at this point because the defendant failed to move to strike that count in its earlier motion to strike.
Practice Book 112 sets forth the order of pleading, and 113 states that filing a later pleading waives the right to file an earlier pleading. However, 113 limits its applicability to cases "when the court does not otherwise order." "[T]he court has discretion to allow the filing of pleadings out of order." Sabine v. Ruffolo, 19 Conn. App. 402,404, 562 A.2d 1134 (1989). See also BRT Corp. v. New England Masonry Co., 5 CTLR 205 (October 25, 1991, Pickett, J.) (court allowed motion to strike product liability count even though defendant could have attacked the count in a prior motion to strike).
I believe that the defendant should be allowed to move to strike count two at this time, even though it could have done so earlier.
With respect to the merits of the motion to strike count two, plaintiff alleges that defendant's refusal to pay her claim inflicted "severe emotional distress" upon her and exacerbated her "psychiatric and psychological condition." DeLaurentis v. New Haven, 220 Conn. 225, 266-67, 597 A.2d 807 (1991), sets forth the elements of intentional infliction of emotional distress. It is clear that plaintiff fails to allege facts showing how the defendant intended to cause, or should have known that it would likely cause, the plaintiff severe emotional distress. Additionally, plaintiff fails to allege facts showing how refusal to pay insurance benefits constitutes extreme and outrageous behavior. Kilduff v. Adams, Inc., 219 Conn. 314,325, 593 A.2d 478 (1991), concerns unintentional or negligent infliction of emotional distress. The plaintiff has not alleged facts showing that defendant "should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result CT Page 2245 in bodily harm." Kilduff, supra, 325.
Thus, under both theories of emotional distress, the plaintiff has failed to allege sufficient facts to state a cause of action or claim.
To state a claim under CUIPA for unfair claim settlement practice, a plaintiff must allege, inter alia, facts that "show . . . more than a single act of insurance misconduct." Meade v. Burns, 199 Conn. 651, 659, 509 A.2d 11 (1986). Plaintiff's allegations merely allege the elements of the claim without any facts to support them. The plaintiff alleges that the defendant's practices occurred in the handling of her claim "and of those similarly situated to her." This does not, I believe, satisfy the requirement of alleging "more than a single act."
Hence, the motion to strike counts two and four of the complaint is granted.
So Ordered.
Dated at Bridgeport, Connecticut this 11th day of March, 1992.
WILLIAM B. LEWIS, JUDGE