[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The plaintiffs, Paul Phravixay and Henry Chounlamountry, bring this action seeking damages for personal injuries arising out of an automobile accident which occurred in the State of New York. The defendant, James Prakuson, was an operator of a motor vehicle in which both the plaintiffs were passengers.
The defendant's vehicle was involved in a collision with several other vehicles. According to the accident report, four of the vehicles were operated by residents of New York and two of the vehicles were operated by Connecticut residents, including the defendant in this action. (Plaintiff's Memorandum of Law in Opposition to Motion for Dismissal, September 16, 1992, p. 1.)
Both of the plaintiffs are Connecticut residents and reside in Milford and Bridgeport respectively. The defendant in this claim is also a resident of Milford, Connecticut. There is also a prior pending action in New York wherein the plaintiff, Salute Cab Corporation, is seeking only property damages from the above defendant.
The defendant moves to dismiss the claim under the doctrine of forum non conveniens, alleging that for the convenience of the parties this action should be brought in New York. The defendant's CT Page 10680 Motion to Dismiss is denied for the reasons hereinafter stated.
The doctrine of forum non conveniens is not unfamiliar in Connecticut. This doctrine vests discretion in the trial court to "decide where a trial will best serve the convenience of the parties and the ends of justice." (Citations omitted). Union Carbide v. Aetna, 212 Conn. 311 (1989), (recognizing the existence of the common law doctrine of forum non conveniens in which the court affirmed the dismissal for reimbursement of outstanding claims for environmental property damages and cleanup costs at 13 toxic waste sites all of which were located outside of Connecticut.) "In use of this discretion the trial court must weigh the relative advantages and obstacles to a fair trial. . . . But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947), (granting of defendant's motion for dismissal under the forum non conveniens doctrine and depicting the strong public/private interest factors that must be balanced which the plaintiff had in connection with the alternative forum.) The United States Supreme Court established a methodology for the analysis of these advantages and obstacles in this decision. Id. This analysis was further explained in Pain v. United Technologies Corp., 637 F.2d 775, 784-85
(D.C. Cir. 1980) and recognized in Miller v. United Technologies Corp., 40 Conn. Sup. 457 (1986), as a four step judicial analysis.
 The court should proceed in four steps: (1) The court should determine if an adequate alternative forum exists which possesses jurisdiction over the whole case. (2) The court should consider all relevant factors of private interest with a strong assumption against disturbing the plaintiff's initial forum choice. (3) If the balance of private interest factors is equal, then the court should consider if any public interest tips the balance towards the foreign forum. (4) If the public interest does tip toward the foreign forum, then the court must make sure the plaintiff can reinstate the suit in the alternative form without undue inconvenience or prejudice. Id. at 460.
In beginning this analysis the court must decide if an alternative forum exists. In this analysis, the court must look to see if the defendant is amenable to service of process in the other jurisdiction. It would appear that the parties would be amenable to service of process in New York under its Long Arm Statute (CPLR CT Page 10681 302 (A)(2) (Defendant's Memorandum of Law in Support of the Motion to Dismiss, September 15, 1992, p. 2). Furthermore, there is a prior pending action in New York in which the above named defendant has been served and named as a defendant.
The court must next consider all relevant private interest factors. The Connecticut Supreme Court has recognized these factors in accordance with the methodology suggested in Gulf Oil, supra, 507, as a useful frame of reference for the laws of Connecticut. Picketts v. International Playtex, Inc., 215 Conn. 490
(1990), citing (Union Carbide, 212 Conn. at 319). The court must analyze the access to sources of proof, the availability of witnesses, possibility of viewing the premises, enforceability of a judgment, as well as any other significant obstacles or advantages.
In balancing these private interest factors the court finds that the ease with which documents could be obtained and produced as well as the ability to compel witnesses to testify, taking into consideration that all parties are Connecticut residents, does not appear to tip the scales in such a manner as would cause the court to find in favor of the defendant's motion.
The court must next look to the interest in viewing the accident site. As the defendant's Memorandum in Support of the motion asserts, New York would obviously be the best forum for this factor, although evidence as to accident reports, pictures and the corroboration of witnesses probably could adequately substitute for the viewing of the accident scene. Turning next to the enforceability of the judgment, this court does not see this as significant, since both states could enforce a judgment of the other.
Finally, the court must address any other obstacles or advantages. There is a prior pending claim in New York in which this defendant is a named party. The defendant claims that this case contains the same parties, witnesses, evidence and issues of liability; however, the action in New York is one solely for property damages, where as here, this suit involves personal injuries as well. Thus, in performing this balancing test the private interest factors do not appear to sway the court or be of significant enough nature so as to disturb the plaintiff's choice of forum.
As the court in Miller, supra, notes, if the factors are equal CT Page 10682 then the court should consider if any other public interest tips the scale towards the alternative forum. The court in Miller went on to enumerate the interest factors as they were set forth in Gulf Oil, supra, which the Connecticut Supreme Court cited with authority in their holding in Union Carbide, supra.
 The public interest factors include: (1) administrative difficulties for the court, i.e., court congestion and the court's familiarity with the applicable law; (2) imposing the burden of jury duty on people of a community with no relation to the litigation; (3) holding trial in view of interested persons; and (4) having matters decided in their local forum. Id. at 466.
Although neither party addressed these issues in his respective brief, an analysis should be performed regarding these factors.
In the case at bar there are two fora which are located in adjacent states, Connecticut and New York. As far as any court congestion, both states would appear to be equally congested in consideration of the amount of litigation today. Furthermore, since these fora are situated in adjacent states, each court's familiarity with the other's applicable law is not an obstacle. The public interest factor of the burden placed on jury members with no relation to the litigation would support this court's denial of the motion. Since all of the parties to this litigation are Connecticut residents, the community in Connecticut from which the potential jurors would be chosen certainly would have a relation to the litigation.
Holding the trial in view of the interested parties as well as having matters decided in this local forum weighs toward keeping this local forum and thus, ensuring Connecticut residents an available forum in which to pursue their own litigation.
In light of the foregoing analysis, this court must turn to the holding of our Appellate Court in Sabino v. Ruffolo, 19 Conn. App. 402
(1989) which reversed the trial court's grant of a motion to dismiss under the doctrine of forum non conveniens, on the grounds that the doctrine should only be invoked in extraordinary cases. The Appellate Court in analyzing Connecticut's case law on this doctrine found it to be scant and primarily addressing cases where there were extraordinary circumstances. In Sabino, the Appellate Court cites, inter alia, 1) Brown v. Brown, 195 Conn. 98, CT Page 10683 (distinguishable because the court was addressing a dismissal of inconvenient forum under the Uniform Child Custody Jurisdiction Act); 2) Miller, supra, (illustrative of the geographical distance in that all parties injured were Egyptian residents and the only nexus with Connecticut was the manufacture a few of the parts in the airplanes which crashed spawning the litigation); and 3) Union Carbide, supra, (depicting Connecticut's Long Arm Statute, multiple parties, complex litigation and vast distances between the original forum and the cause of action, and 13 toxic waste sites in different states). In comparing the case at bar to the cases above, it is clear that this case is not one consisting of extraordinary circumstances in that all of the parties to the suit are from Connecticut and none of the aforesaid significant circumstances exist within this litigation. Accordingly, this court follows the admonition of our Appellate Court that ". . . except where extraordinary circumstances exist, the doctrine should not be applied to state courts." Sabino, supra at 410.
Clarance J. Jones, Judge