[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, John D. King, filed his complaint on April 11, 1995, against the defendant law firm of Cummings and Lockwood for CT Page 363 legal malpractice. The defendant's answer, filed on July 3, 1995, contained two special defenses. The first special defense is for the plaintiff's failure to mitigate his damages. The second special defense is based on the statute of limitations. The plaintiff filed a reply, denying the first and second special defenses, on October 30, 1995. Approximately nine months later, on July 25, 1996, the plaintiff filed both a request to revise the second special defense and a motion to strike the first special defense.
Practice Book § 112 states in pertinent part: "The order of pleading shall be as follows:
(5) The defendant's answer (including any special defenses) to the complaint.
(6) The plaintiff's request to revise the defendant's answer.
(7) The plaintiff's motion to strike the defendant's answer.
(8) The plaintiff's reply to any special defenses."
Practice Book § 113 states that the filing of any pleading listed in Practice Book § 112 waives the right to file all pleadings that precede it in § 112.
It is within the court's discretion to allow an agreement between the parties to alter the order of pleadings. See, ChaseFamily Limited Partnership No. 3 v. Hartford RedevelopmentAgency, Superior Court, judicial district of Hartford, Docket No. 306763 (April 17, 1990, Maloney, J., 1 Conn. L. Rptr. 509). Similarly, the trial court has discretion to grant permission to a party to file pleadings out of order. See Sabino v. Ruffolo,19 Conn. App. 402, 404, 562 A.2d 1134 (1989) (trial court's allowance of the simultaneous filing of a motion to strike and a motion to dismiss was upheld under Practice Book § 113). However, the courts usually look to the length of time that has passed since the previous pleading in deciding whether to allow such an alteration. See Fleet National Bank v. Mascolo, Superior Court, judicial district of Waterbury, Docket No. 088529 (August 22, 1990, Walsh, J., 2 Conn. L. Rptr. 285) (defendant's motion to strike filed over sixteen months after the answer and nine months after the case was claimed to the trial list was disallowed); but see, County of Fairfield Trust Co. v. Malloy, Superior Court, judicial district of Stamford, Docket No. 120289 (April 18, 1994, CT Page 364 Karazin, J., 11 Conn. L. Rptr. 365 (1994) (although pleadings had been closed for nine and one half months, the court altered the order of pleadings to allow a substituted party plaintiff to file a motion to strike, despite the earlier filing of a reply to the special defenses by its predecessor).
In this case, the plaintiff never sought the court's permission to file out of order. Nor does it appear that the opposing party has agreed to alter the order of the pleadings. In addition, this motion to strike comes approximately nine months after the plaintiff closed out his opportunity to plead further by replying to the defendant's special defenses.
Accordingly, the plaintiff's motion to strike and request to revise are denied.
D'ANDREA, J.