[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO DISMISS (#107)
The plaintiff, Arturo Molinary, has filed a one-count complaint against the defendant, Marilyn Patrick, Administratrix of the estate of Hal Patrick. The complaint alleges that the plaintiff was a passenger in a truck operated by Hal Patrick which was involved in a multiple vehicle collision on Interstate 95 in New Jersey. The plaintiff claims that the accident was caused by the negligence of the driver, who was killed in the accident.
The defendant moves to dismiss the complaint based on forum non conveniens, claiming that New Jersey is the most appropriate forum. The defendant claims that an action is already pending in a New Jersey court involving the identical accident which is the subject of this action. In support of her motion, the defendant filed two memoranda, a copy of a complaint filed in United States District Court, District of New Jersey,[1] a Federal Rule 26(a)(1) notice and the affidavit of Daniel C. DeMerchant, all concerning the New Jersey action. In opposition, the plaintiff filed a memorandum.
"The common law principle of forum non conveniens provides that a court may resist imposition upon its jurisdiction even when it has jurisdiction." (Emphasis in original; internal quotation marks omitted.)Union Carbide Corp. v. Aetna Casualty Surety Co, 212 Conn. 311, 314,562 A.2d 15 (1989). "[It] is an exception to the general rule that a CT Page 13802 court must hear and decide cases over which it has jurisdiction by statute or constitution, and recognizes the discretion of a court, in some few instances, where jurisdiction and venue are proper . . . to dismiss a suit because the court has determined that another forum is better suited to decide the issues involved."(Citation omitted.) Sabinov. Ruffolo, 19 Conn. App. 402, 405-06, 562 A.2d 1134 (1989). "[A] plaintiff's choice of forum should rarely be disturbed." Piper AircraftCo. v. Reyno, 454 U.S. 235, 241, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), reh. denied, 455 U.S. 928, 102 S.Ct. 1296, 71 L.Ed.2d 474 (1982). The defendant bears the burden of demonstrating why the presumption favoring the plaintiff's choice of forum should be disturbed. Picketts v.International Playtex, Inc., 215 Conn. 490, 502, 576 A.2d 518 (1990). "However, when an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience, or when the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems the court may, in the exercise of its sound discretion, dismiss the case." (Internal quotation marks omitted.) Piper Aircraft Co. v.Reyno, supra, 454 U.S. 235, 241.
"[T]he ultimate inquiry on whether the common law doctrine of forum non conveniens should be applied is where trial will best serve the convenience of the parties and the ends of justice." Brown v. Brown,195 Conn. 98, 108 n. 17, 486 A.2d 1116 (1985). "[T]he overriding inquiry . . . is not whether some other forum might be a good one, or even a better one than the plaintiff's chosen forum. The question to be answered is whether [the] plaintiff's chosen forum is itself inappropriate or unfair because of the various private and public interest considerations involved." Picketts v. International Playtex, Inc., supra, 215 Conn. 501.
The leading case on the doctrine of forum non conveniens is Gulf OilCorp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). The analysis suggested in Gulf Oil Corp. v. Gilbert, supra, provides a "useful frame of reference" for the law in Connecticut. Union CarbideCorp. v. Aetna Casualty Surety Co., supra, 212 Conn. 319. The analysis is not binding on Connecticut courts, but merely illuminating. Id. "The court should proceed in four steps: (1) The court should determine if an adequate alternative forum exists which possesses jurisdiction over the whole case. (2) The court should consider all relevant factors of private interest with a strong presumption against disturbing the plaintiffs' initial forum choice. (3) If the balance of private interest factors is equal, then the court should consider if any public interest tips the balance toward the foreign forum. (4) If the public interest does tip toward the foreign forum, then the court must make sure the plaintiff can reinstate his suit in the alternative forum without undue inconvenience CT Page 13803 or prejudice." Miller v. United Technologies Corp., 40 Conn. Sup. 457,460, 515 A.2d 390 (1986), rev'd on other grounds, 233 Conn. 732,660 A.2d 810 (1995). "[U]nless the balance is strongly in favor of the defendants, the plaintiff's choice of forum should rarely be disturbed."Gulf Oil Corporation v. Gilbert, supra, 330 U.S. 508.
 I
The court must first determine whether the courts of New Jersey provide an adequate alternative forum. See Miller v. United Technologies Corp., supra, 40 Conn. Sup. 461. "First the defendant must be amenable to process in the other jurisdiction" Id. The court notes that the defendant has already submitted to the jurisdiction of the New Jersey courts by filing a wrongful death action arising out of the same accident which is the basis of this matter. The defendant has also stated, at oral argument and in her memorandum, that she would waive any statute of limitations defense that she may have and submit to the jurisdiction of New Jersey. The court, therefore, finds that the courts of New Jersey provide an adequate alternative forum.[2]
 II
The court must then consider the private interest factors in determining the most appropriate forum, with a strong presumption against disturbing the plaintiff's choice of forum. "The private interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses; (3) the possibility of viewing the accident scene if such viewing is appropriate to the action; (4) the enforceability of a judgment; (5) the relative advantages and obstacles to fair trial; and (6) all other practical problems that make trial of a case easy, expeditious and inexpensive." Miller v. United Technologies Corp., supra,40 Conn. Sup. 463.
"The list . . . is not set in stone and is not to be rigidly applied; rather, each case turns on its facts." Id.
As to the first two private interest factors,[3] the court finds that New Jersey is the more appropriate forum. The accident occurred on Interstate 95 in New Jersey. The investigating officers and other pieces of tangible evidence, including the vehicles involved, are located in New Jersey. The court notes that documentary reports, police reports and photographs may be obtained and may take the place of physical evidence and live testimony. The best access to the sources of proof, however, would be in New Jersey. CT Page 13804
In addition, there is no compulsory process for the attendance of unwilling witnesses if this action were to remain in Connecticut. The accident involved a chain-reaction collision of three tractor trailer vehicles, allegedly caused due to a fourth tractor trailer that was disabled on the side of the highway. In the memorandums and documents submitted by the defendant, at least six individual defendants in the pending New Jersey action have been identified. These six defendants reside in five different states. The testimony of these individuals, particularly that of the drivers of the vehicles involved, may be determinative of the issues of liability for, and causation of, this accident. The drivers of all four vehicles, including the defendant, are already parties to the pending New Jersey action and would be subject to process in that action. The defendant has also provided the court with the names and addresses of numerous other potential witnesses, including enough information from which the court can determine the substance and materiality of their testimony. Most of the other witnesses named also reside in New Jersey. None would be subject to compulsory process in Connecticut but could be subpoenaed to testify in person in New Jersey.
Even if each witness were to voluntarily consent to travel to Connecticut to testify, the cost of obtaining their attendance could be substantial. The court is aware of the "modern technological innovations since the United States Supreme Court issued its decision in [Gulf OilCorp. v. Gilbert, supra, 330 U.S. 501] in 1947. Just as [j]et travel and satellite communications have significantly altered the meaning of non conveniens, so too has the advent of the videotaped deposition greatly transformed the meaning of compulsory process in a forum non conveniens calculus." (Citations omitted; internal quotation marks omitted.)Picketts v. International Playtex, Inc., supra, 215 Conn. 511. In addition, General Statutes § 52-148c and Practice Book § 13-29
(d) do provide the defendant with a manner of obtaining the testimony, by deposition, of out of state witnesses, if economically feasible. Despite these modern technological advances and the availability of videotaped depositions, "[c]ertainly to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants." Gulf Oil Corp. v. Gilbert, supra,330 U.S. 511.
The court notes that "[w]hen a dismissal is premised on the convenience of witnesses, more than a mere allegation to that effect is required. . . . A party seeking to transfer a case . . . for the convenience of witnesses must identify the key witnesses to be called and must make a general statement of what their testimony will cover. The burden is upon it to give the names and locations of potential witnesses and the CT Page 13805 substance of their testimony. Sufficient information must be included in the affidavits to establish that the named witnesses are key witnesses who need to be called and that their testimony is material." (Internal quotation marks omitted; citations omitted.) Picketts v. InternationalPlaytex, Inc., supra, 215 Conn. 509-10. The court finds that the information submitted by the defendant is sufficient[4] and that many of the named witnesses are key witnesses who would not be subject to compulsory process. Therefore, material testimony may be unavailable if this matter remained in the courts of Connecticut.
Although the trier of fact would have easier access to the accident scene if this matter were tried in New Jersey, the court does not view this factor as carrying special significance. Accident scenes are rarely visited and are, many times, replaced by the introduction of police reports, diagrams, photographs and other demonstrative evidence. There also should be no additional problems of enforcement of any judgment obtained in either Connecticut or New Jersey.
As to the final two factors,[5] the court is concerned with the inability of the defendant to implead other potential tortfeasors. This negligence action involves a multiple vehicle collision allegedly caused by another disabled vehicle. As the defendant's vehicle is the last vehicle in a three vehicle chain reaction accident, the inability to consider potential apportionment of liability, due to the absence of other tortfeasors, could be an obstacle to a fair trial. In the action currently pending in New Jersey, however, the potential tortfeasors are already parties and subject to potential liability. This is not a situation where the defendant has not provided the court with a factual basis as to the parties the defendant wishes to implead and the potential basis of their liabilities.[6] The defendant has provided sufficient factual information to the court. In addition, although the inability to implead additional defendants is clearly just one factor to be considered in determining if a matter should be dismissed on forum non convenient grounds,[7] this factor is of particular significance when in the context of apportionment of liability among potential tortfeasors.[8]
Considering the cumulative effect of the absence of the best sources of proof in Connecticut, the lack of compulsory process for the obtaining the attendance of unwilling witnesses, the cost of obtaining the attendance of any willing witnesses and the inability of the defendant to implead other potential tortfeasors, the court finds that the private interest factors strongly favor this matter proceeding in New Jersey rather than in Connecticut. This result is particularly compelling in that there is currently an action pending in New Jersey, involving all of the potential tortfeasors, arising out of the accident which is the subject of this action.[9]
CT Page 13806
 III
The determination concerning the balance of private interest factors could alone warrant the court in granting the defendant's motion to dismiss. Picketts v. International Playtex, Inc., supra, 215 Conn. 498. The court, however, notes those public interest factors which also call for a determination that New Jersey is the most appropriate forum. The public interest factors include: (1) administrative difficulties for the courts, i.e., court congestion and the court's familiarity with the applicable law; (2) imposing the burden of jury duty on people of a community with no relation to the litigation; (3) holding trial in the view of interested persons; and (4) having matters decided in their local forum. Miller v. United Technologies Corp., supra, 40 Conn. Sup. 466.
There is nothing in the record to suggest that Connecticut courts are any more or any less congested than the courts of New Jersey. The court also does not doubt the ability of the court to apply New Jersey substantive law. The court does, however, find that, in the interests of judicial economy, there is a public interest in not proceeding with this matter in Connecticut where there is an action already pending in New Jersey concerning the same accident, the same determination of liability and the same apportionment of damages. Rather than potentially deciding all of the issues involved in this action in one proceeding in New Jersey, to allow this matter to continue in Connecticut would entail three separate actions, i.e., the New Jersey action, the current action and a subsequent action by the defendant for contribution or indemnification, should the defendant be found liable. Judicial economy dictates otherwise. As to the final three public interest factors,[10]
the court finds that although this case involves two Connecticut residents, the stronger nexus remains with the state of New Jersey.
 IV
The court, in deciding to dismiss this action based on forum non conveniens, has "place[d] its thumb firmly on the plaintiff's side of the scale, as a representation of the strong presumption in favor of the plaintiff's chosen forum, before attempting to balance the private and public interest factors." Picketts v. International Playtex, Inc., supra,215 Conn. 502. The court, however, .finds that the complexity of this negligence litigation, involving multiple tortfeasors, all beyond the scope of compulsory process, where there is already a pending lawsuit in New Jersey arising out of the same accident is an "extraordinary circumstance" which requires that the court dismiss the action based on forum non conveniens grounds. Sabino v. Ruffolo, supra, 19 Conn. App. 410.
To ensure that the plaintiff can reinstate her suit in New Jersey CT Page 13807 without undue inconvenience or prejudice, the court hereby orders that the defendant submit to the jurisdiction of New Jersey, waive any applicable statute of limitations defense which he may have in New Jersey and in this action should this matter need to be reopened and not object to the reopening of this matter if these conditions are not met.[11]
MORAN, J.