[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS
The plaintiff, Sheri M. Wills, filed a complaint against her husband, the defendant, Steven R. Wills, asserting a cause of action in negligence. The plaintiff alleges the following pertinent facts: That on or about January 14, 2000, she was a passenger in a vehicle operated by the defendant. The defendant caused the motor vehicle he was operating to cross the center line of the highway and collide with a vehicle operated by another. The collision occurred in St. Thomas, United States Virgin Islands. The plaintiff alleges that the defendant was negligent by failing to operate the vehicle in its proper lane of travel, by operating the vehicle at excessive rate of speed, by failing to pay attention to other vehicles, and by failing to avoid the collision. As a result of the defendant's negligence, the plaintiff suffered various personal injuries.
The defendant has moved to dismiss the case and states that "the court lacks jurisdiction over this claim, as there is no statutory, common law, or other legal basis for this claim to be presented in a Connecticut court." (Defendant's Memorandum, p. 1). Specifically, the defendant argues that the courts of the United States Virgin Islands, rather than a Connecticut court, are better suited to decide the issues involved, and as such, this matter should be dismissed on the basis of forum non conveniens.
"The common law doctrine of forum non conveniens is an exception to the general rule that a court must hear and decide cases over which it has jurisdiction by statute or constitution, and recognizes the discretion of a court, in some few instances, where jurisdiction and venue are proper . . . to dismiss a suit because the court has determined that another forum is better suited to decide the issues involved." (Citation omitted.) Sabino v. Ruffolo, 19 Conn. App. 402, 405-06, 562 A.2d 1134
(1989). "This doctrine is succinctly summarized in the Restatement (Second) of Conflict of Laws as holding that: `A state will not exercise jurisdiction if it is a seriously inconvenient forum for the trial of the CT Page 2905-av action provided that a more appropriate forum is available to the plaintiff.' 1 Restatement (Second), Conflict of Laws § 84, p. 251 (1971)." Betensky v. Opcon Associates, Inc., 46 Conn. Sup. 110, 119,738 A.2d 1171 (1999) (24 Conn.L.Rptr. 327). "Indeed, the doctrine of forum non conveniens can never apply if there is absence of jurisdiction or mistake of venue. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 504,67 S.Ct. 839, 91 L.Ed 1055 (1947)." (Internal quotation marks omitted.)Id., 119.
In "examining forum non conveniens claims," our Supreme Court has held that the "four step process" as "outlined in Gulf Oil Corp. v. Gilbert,supra, 330 U.S. 508-09, and clearly set forth in Pain v. UnitedTechnologies Corp., 637 F.2d 775, 784-85 (D.C. Cir. 1980), cert. denied,454 U.S. 1128, 102 S.Ct. 980, 71 L.Ed.2d 116 (1981) . . . is a useful frame of reference for the law of Connecticut." (Internal quotation marks omitted.) Durkin v. Intevac, Inc., 258 Conn. 454, 466, 782 A.2d 103
(2001). "First, the court should determine whether an adequate alternative forum exists that possesses jurisdiction over the whole case . . . Second, the court should consider all relevant private interest factors with a strong presumption in favor of . . . the plaintiffs' initial choice of forum . . . Third, if the balance of private interest factors is equal, the court should consider whether any public interest factors tip the balance in favor of trying the case in the foreign forum . . . Finally, if the public interest factors tip the balance in favor of trying the case in the foreign forum, the court must . . . ensure that [the] plaintiffs can reinstate their [action] in the alternative forum without undue inconvenience or prejudice." (Citations omitted; internal quotation marks omitted.) Id.
In support of his motion to dismiss on the basis of forum non conveniens, the defendant argues that "[t]he choice of forum of Connecticut is inappropriate and unfair based on relevant private and public interest considerations involved in this matter . . ." (Defendant's Memorandum, p. 3.) Then, rather than applying the "four step process" as discussed above, the defendant recites the test used to determine "the reasonableness of [personal] jurisdiction"[1] followed by the Supreme Court in Asahi Metal Industry Co. v. Superior Court, 480 U.S. 102, 113,107 S.Ct. 1026, 94 L.Ed.2d 92 (1987), and states that "[w]hen these factors are considered, it is clear that the courts of this state must [not] exercise jurisdiction over this case." (Defendant's Memorandum, pp. 3-4.) The defendant concludes by arguing, "[t]he exercise of jurisdiction would violate established legal precedent and would be a violation of the defendant's Due Process rights."
"As a common law matter, the doctrine of forum non conveniens vests CT Page 2905-aw discretion in the trial court to decide where trial will best serve the convenience of the parties and the ends of justice . . ." (Citations omitted; internal quotation marks omitted.) Picketts v. InternationalPlaytex, Inc., 215 Conn. 490, 500, 576 A.2d 518 (1990). This "discretion does not, however, overshadow the central principle of the forum non conveniens doctrine that unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." (Internal quotation marks omitted.) Id., 500. While the plaintiff in this case has filed an objection to the motion to dismiss accompanied by a supporting memorandum, "[t]he burden of persuasion on this motion is on the [movant]. Ensign-Bickford v. Great American Ins. Co., Superior Court, judicial district of Tolland, Docket No. 076590 (May 16, 2002, Sferrazza, J.) (32 Conn.L.Rptr. 173).
Although the defendant has not applied the "four step process" followed by the Supreme Court in Durkin in the presentation of his argument, he does raise a valid concern in that "any non-party witnesses to the accident would have been in the Virgin Islands." Nevertheless, "[w]hen a dismissal is premised on the convenience of the witnesses, more than a mere allegation to that effect is required . . . Rather, the defendant must establish, with specificity, inconvenience to witnesses that is sufficiently prejudicial to justify dismissal . . . A party seeking to transfer a case . . . for the convenience of witnesses must identify the key witness to be called and must make a general statement of what their testimony will cover . . ." (Citations omitted; internal quotation marks omitted.) Picketts v. International Playtex, Inc., supra, 215 Conn. 509. The defendant in this case does not provide any such information regarding potential witnesses, accordingly, his argument fails.
An additional argument the defendant makes is that "the choice of law rules favoring the place of the incident would weigh in favor of the court of the Virgin Islands." (Defendant's Memorandum, p. 4.) This argument also fails because "Connecticut courts are quite capable of applying foreign law when required to do so and it would be improper to invoke the doctrine of forum non conveniens solely to avoid a choice of law analysis." Picketts v. International Playtex, Inc., supra,215 Conn. 512.
The defendant in this case has not demonstrated that this court should resort to such a "drastic remedy" and dismiss the plaintiff's case by invocation of the forum non conveniens doctrine. See Picketts v.International Playtex, Inc., supra, 215 Conn. 501 (the "invocation of the doctrine of forum non conveniens is a drastic remedy . . . which the trial court must approach with caution and restraint" [citations omitted; internal quotation marks omitted]). Therefore, the court denies CT Page 2905-ax the defendant's motion to dismiss.
 So Ordered. D'ANDREA, J.T.R.