[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Three defendants, Great American Insurance Co., Insurance Company of North America, and Century Indemnity Company, move to dismiss this action on the basis of forum non conveniens. The plaintiff, Ensign-Bickford Industries, Inc., brings suit against eight insurance companies seeking a declaratory judgment and monetary damages arising from the alleged failure of the defendants to provide a defense and indemnification with respect to six lawsuits brought against the plaintiff for purported contamination of groundwater in the vicinity of the plaintiff's explosives manufacturing plant in Utah.
For purposes of this motion, the following facts appear undisputed. In 1986, the plaintiff acquired a Utah corporation known as the Trojan Corporation, which corp oration had itself acquired the explosives manufacturing business, located in Utah, in 1982. Between 1996 and 2001, six property owners downstream or downgrade from the Trojan plant CT Page 6272 commenced suits in the United States District Court for the District of Utah alleging that chemical byproducts of the explosives manufacturing process had migrated to their properties and polluted their water supplies. The defendants have denied coverage and refused to defend against these lawsuits. Two of the defendants, Century Indemnity Co. and Hartford Accident and Indemnity Co., are Connecticut domiciliaries while the remainder are domiciliaries of neither Connecticut nor Utah.
The movants contend that the trial of this insurance coverage case will entail proving "a case within a case." They argue that evidence of the causes, history, and extent of the pollution will be required, as opposed to merely evidence pertaining to insurance contract interpretation. This extensive inquiry is necessitated by their claim that the pollution was the consequence of long-term, deliberate, and routine dumping of chemical effluent rather than the result of a sudden, unexpected befoulment.
The movants contend that the presence of this issue will render evidence as to the past operation and management of the Utah plant paramount. Thus, the testimony of present and former employees will be needed, and many of these persons live in Utah. They further argue that, because the plant itself and the areas of contamination are located in Utah, Utah law will apply. The movants indicate that these factors militate against proceeding to trial in Connecticut and that the present action ought to be dismissed so that the plaintiff's may refile suit in Utah.
Generally, if a court has jurisdiction over a cause of action, the court has a duty to hear and determine the matter. Sabino v. Ruffolo,19 Conn. App. 402, 405 (1989). The doctrine of forum non conveniens is a judicially created exception to this mandate which allows a court to decline to hear a case over which it has jurisdiction because another forum is better suited to address the litigation. Id. at 405-406. Courts must invoke the doctrine with caution, however, and only where exceptional circumstances exist which demonstrate "both inconvenience and hardship." Id.
A central principle of the doctrine is a strong presumption that the plaintiff's choice of forum should rarely be disturbed. Picketts v.International Playtex, Inc., 215 Conn. 490, 500-502 (1990). Dismissal is a drastic remedy which must be utilized with restraint. Id. The court's role is not to level the playing field nor to determine whether a foreign forum is superior to Connecticut. Id. Instead, the court determines whether Connecticut is an inappropriate or unfair location for the conduct of the litigation after a consideration of the private and public interests involved. Id. CT Page 6273
In Picketts v. International Playtex, Inc., supra, our Supreme Court adopted, as a useful frame of reference, the four step process for analyzing forum non conveniens claims set forth by the United States Supreme Court in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 to 509 (1947). That process was recently expounded upon by our Supreme Court inDurkin v. Intervac, Inc., 258 Conn. 454, 466 (2001). First, the court determines whether an adequate alternative forum exists; second, the court evaluates the private interest factors; third, if those private interests are substantially equal, the court then considers whether public interests tip the balance; and fourth, the court must ensure that the plaintiff can reinstitute the action in the alternative forum without undue inconvenience or prejudice. Id.
The burden of persuasion on this motion is on the movants. Picketts v.International Playtex, Inc., supra, 509. If the movant fails to meet this burden with respect to an earlier step in the four step process, the court need not address later steps. Durkin v. Intervac, Inc., supra.
Applying this process to the circumstances of the present case, it appears undisputed that Utah courts can provide an adequate alternative forum to Connecticut satisfying the first step. Indeed the six property owner suits which underlie this insurance coverage litigation were filed in the federal court in Utah and three of them were scheduled for trial in March of this year. Five of the six Utah cases have settled and the last case is set for trial. Clearly Utah is an adequate alternative forum.
The second step requires a weighing of the private interests gained or lost by having the case proceed in Connecticut or the alternative forum. This weighing is done after applying the strong presumption in favor of the plaintiff's choice on the plaintiff's side of the scales, however. Relevant factors with respect to private interests are (1) the relative ease of access to sources of proof; (2) the availability and cost of compulsory process for the attendance of unwilling witnesses; (3) the need for a view of the scene of the alleged contamination and plant; (4) the enforceability of a judgment; (5) the relative advantages and obstacles to a fair trial; and (6) all other practical problems. Durkinv. Intervac, Inc., supra, 467.
In the present case, the movants have a genuine concern in having access to and the ability to compel the testimony of witnesses located in Utah to establish their defense that the pollution was the result of ordinary plant operations rather than a sudden, unplanned event. Many of the plant's present and former employees reside in Utah as do the neighboring landowners who brought suit in Utah. The desire to present live testimony rather than rely on dry deposition evidence is CT Page 6274 understandable. But as our Supreme Court has observed "videotaped depositions frequently make corporeal transportation of foreign witnesses unnecessary." Picketts v. International Playtex, Inc., supra, 511.
Unlike the situation in Durkin v. Intervac, Inc., supra, where virtually all the essential fact witnesses were in Australia and unavailable even for depositions, here the testimony of the Utah residents is retrievable. Presumably, the plaintiff will have to transport from Utah or rely on deposition evidence from many of the same witnesses in order to establish its claims that the contamination which occurred fell within the coverage afforded by the insurance contracts.
Having the trial in Utah will create some inconvenience for the plaintiff because the plaintiff is headquartered in Connecticut and will need to transport witnesses who reside in Connecticut, or other states besides Utah, to Utah, or present their deposition evidence. In other words, dismissing this Connecticut action would merely trade one set of out-of-state witnesses for another. Presumably, one reason the plaintiff chose Connecticut as the forum was the advantage it presented to it in trying this case. This is a legitimate concern and forms part of the foundation for the strong presumption in the favor of the plaintiff's choice of forum. Picketts v. International Playtex, Inc., supra, 500.
As to the need to view the plant and its environs, the court attaches little value to that factor in this case. The movants have alleged that the pollution of the groundwater occurred routinely over a fifty year period. It is likely that evidence of this contamination will come from soil and hydrologic analyses and will be indiscernible to the layperson's visual observation. Also, photographic evidence would appear to be a satisfactory substitute to a view in this case. This is dissimilar to cases where a catastrophic accident occurred in a sudden manner creating a visually significant scene such as was present in the helicopter crash which was the subject of Durkin v. Intervac, Inc., supra.
The court concludes that the movants have failed to meet their burden of establishing that the private interests served by dismissing this action and refiling it in Utah outweighs the strong presumption in favor of retaining the plaintiff's choice of forum. Consequently, the court need not address the public interests issues. The motion to dismiss is denied.
Sferrazza, J.